EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: <br><br><br> Aníbal E. Espinosa Valentín | 2024 TSPR 26 <br><br> 213 DPR ___ |
|---|---|

Número del Caso: TS-11,819


Fecha: 15 de marzo de 2024


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con los requerimientos del Programa de Educación Jurídica Continua y con las órdenes de Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Aníbal E. Espinosa Valentín          TS-11,819

*PER CURIAM*

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Una vez más nos vemos en la obligación de ejercer nuestra facultad disciplinaria para suspender de manera inmediata e indefinida del ejercicio de la abogacía y de la notaría a un miembro de la profesión legal, por incumplir con los requerimientos del Programa de Educación Jurídica Continua y con las órdenes de este Tribunal.

**I**

El Lcdo. Aníbal E. Espinosa Valentín (licenciado Espinosa Valentín) fue admitido al ejercicio de la abogacía el 15 de enero de 1997 y al ejercicio de la notaría el 12 de diciembre de 2000.

Las circunstancias que motivan este pronunciamiento se relacionan con el incumplimiento del licenciado Espinosa Valentín con los requisitos del Programa de Educación Jurídica Continua (PEJC) y su inobservancia a las consecuentes órdenes que emitió este Tribunal al respecto. A continuación, procedemos a exponer los antecedentes pertinentes.

**A.**

En virtud de la Ley Núm. 43 de 14 de mayo de 1932, 4 LPRA sec. 771 *et seq.*, todo abogado y toda abogada tenía la obligación de afiliarse al Colegio de Abogados y Abogadas de Puerto Rico para ejercer la profesión legal válidamente en nuestra jurisdicción.

Posteriormente, la Asamblea Legislativa promulgó la Ley Núm. 121-2009 para, entre otros asuntos, eliminar la colegiación obligatoria como requisito para ejercer la profesión legal en Puerto Rico. Esto tuvo la consecuencia de que toda persona que hubiese juramentado ante este Tribunal, pero no se colegió previo a la vigencia de la Ley Núm. 121-2009, pasó a tener estatus activo a partir del 13 de octubre de 2009. También surgió la obligación de que tuvieran que cumplir con los requisitos de educación jurídica continua, según establecidos en la reglamentación creada por este Tribunal.

Precisamente, mediante la Resolución ER-98-6 de 30 de junio de 1998, In re: Reglamento de Educación Jurídica

Continua, 146 DPR 494 (1998), este Tribunal aprobó un Reglamento de Educación Jurídica Continua. Varios años después promulgamos el Reglamento del Programa de Educación Jurídica Continua, mediante Resolución ER-2005-04 de 8 de abril de 2005. In re: Aprobación del Reglamento del Programa de Educación Jurídica Continua, 164 DPR 555 (2005). Así se estableció la obligación de que todo profesional del Derecho admitido al ejercicio de la abogacía en Puerto Rico, con estatus activo o con una suspensión del ejercicio de la profesión legal de forma temporal o por un periodo de tiempo específico, cumpliera con los requisitos de educación jurídica continua, a menos que obtuviera una exoneración bajo la Regla 4(C) del Reglamento del PEJC. En ese sentido, se establecieron los requisitos mínimos en cuanto a los créditos que debían completar. A su vez, se dispuso un procedimiento para aquellos casos en los que no se completaran las horas requeridas.

En el 2017 aprobamos un nuevo reglamento mediante el cual se derogó la reglamentación de educación continua de 1998 y 2005. Véase In re: Aprobación del Reglamento del Programa de Educación Jurídica Continua, 198 DPR 254 (2017).[1] Este dispuso que cualquier procedimiento iniciado bajo los reglamentos derogados continuaría vigente, siempre que fuera compatible con el nuevo reglamento.

---

[1] Esta es la reglamentación vigente, la cual ha sufrido varias enmiendas. La enmienda más reciente fue mediante la Resolución ER-2020-04 de 15 de junio de 2020. Véase In re Enmiendas al Reglamento del Programa de Educación Jurídica Continua, 204 DPR 347 (2020).

En virtud de la normativa reseñada, el PEJC refirió varios abogados y abogadas a nuestra atención, **entre los que figuraba el licenciado Espinosa Valentín**. En particular, nos informó que estos y estas estaban en incumplimiento con los requisitos de educación continua.[2] Además, resaltó que el incumplimiento surgió porque habían adquirido estatus activo en la profesión ante los cambios en el marco jurídico antes reseñado, a saber: (1) porque no se colegiaron previo a la vigencia de la Ley Núm. 121-2009; (2) porque la exoneración por ser colegiado inactivo o colegiada inactiva no se renovó luego de la vigencia de la Ley Núm. 121-2009, o (3) porque la exoneración por ser colegiado inactivo o colegiada inactiva venció luego del cambio de la Regla 4 del Programa de Educación Jurídica Continua. Véase In re: Enmienda a la Regla 4 del Reglamento del Programa de Educación Jurídica Continua, 183 DPR 48 (2011).[3]

Constatamos que el PEJC les otorgó a estos abogados y estas abogadas un periodo razonable para completar los requisitos correspondientes. Transcurrido dicho término, y tras corroborar que se les brindó suficiente oportunidad para cumplir, el 8 de marzo de 2018 emitimos un edicto

---

[2] Según la información suministrada por el PEJC, el licenciado Espinosa Valentín ha incumplido cuatro (4) periodos de educación jurídica continua, a saber: (a) abril de 2012 a marzo de 2014; (b) abril de 2014 a marzo de 2017; (c) abril de 2017 a marzo de 2020, y (d) abril de 2020 a marzo de 2023. Por su incumplimiento, adeuda multas que ascienden a $250.

[3] El 30 de septiembre de 2011 emitimos la Resolución ER-2011-04 para eliminar la exoneración por ser colegiado inactivo o colegiada inactiva. Como consecuencia, a partir del 1 de enero de 2012 debía completarse el proceso de cambio de estatus en la Secretaría de este Tribunal para obtener el relevo de los requisitos de educación jurídica continua.

mediante el cual les concedimos treinta (30) días a cada profesional del Derecho para que compareciera y proveyera información sobre su estatus. Asimismo, luego de varios trámites, el 14 de septiembre de 2023 emitimos un último edicto mediante el cual les otorgamos igual término para comparecer y cumplir con lo requerido. Les advertimos que, de no comparecer en el plazo concedido, procederíamos con su inactivación inmediata de la profesión.

Tras estos trámites, el 28 de noviembre de 2023 emitimos una Resolución mediante la cual, según se advirtió, inactivamos a los abogados y abogadas que fueron objeto del referido del PEJC, que no comparecieron luego del último edicto y que permanecían en incumplimiento. Véase In re: Solicitud del Programa de Educación Jurídica Continua sobre varios(a) profesionales del Derecho, 2023 TSPR 138, 213 DPR __ (2023). Ahora bien, por las razones que se exponen más adelante, optamos por un trámite distinto para el licenciado Espinosa Valentín.

**B.**

El licenciado Espinosa Valentín está admitido a ejercer la abogacía y la notaría. Luego de revisar su actividad en la plataforma SIGNO Notarial, comprobamos que el letrado ha presentado sus índices notariales mensuales,[4] **lo cual**

---

[4] Según se desprende de una Certificación del Registro General de Competencias Notariales adscrito a la Oficina de Inspección de Notarías, con fecha de 6 de marzo de 2024, el licenciado Espinosa Valentín ha cumplido con su obligación de presentar los índices mensuales de actividad notarial para los años 2012 al 2023, así como para los meses de enero y febrero de 2024. La gran mayoría de estos han sido negativos, es decir, para informar que no ha tenido actividad notarial.

**evidencia que tiene conocimiento de su estatus actual en el Registro Único de Abogados y Abogadas (RUA).**

Ante esto, el 9 de noviembre de 2023 le ordenamos al licenciado Espinosa Valentín que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía por su incumplimiento reiterado con los requisitos del PEJC. Además de ordenar la notificación personal de este mandato, también se notificó al correo electrónico registrado en el RUA. A pesar de que el personal del alguacilazgo acudió a varias direcciones para diligenciarlo personalmente, no dieron con el paradero del licenciado Espinosa Valentín. Este tampoco compareció ante esta Curia.

Con este cuadro, delineamos a continuación las normas que rigen este asunto.

## II

### A. Canon 9 del Código de Ética Profesional

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige a todos los miembros de la profesión legal a conducirse ante los tribunales con una conducta que se caracterice por el mayor respeto. In re Lajara Radinson, 207 DPR 854, 863 (2021); In re Cintrón Rodríguez, 205 DPR 299, 308 (2020); In re Alers Morales, 204 DPR 515, 519 (2020). Acorde con ese mandato, hemos insistido en el ineludible deber que tienen todos los abogados de cumplir con prontitud y diligencia con las órdenes de este Tribunal, en especial cuando se trata de procesos disciplinarios. In re Molinary

Machado, 2019 TSPR 142, 203 DPR ___ (2019); In re Cintrón Rodríguez, *supra*, pág. 308.

De igual forma, hemos expresado que dicho deber "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el **Programa de Educación Jurídica Continua**". (Negrilla suplida). In re Cintrón Rodríguez, *supra*, pág. 308. Véase, también In re López Pérez, 201 DPR 123, 126 (2018); In re Arocho Cruz, 200 DPR 352, 361 (2018). Cónsono con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados y las abogadas como una afrenta a la autoridad de los tribunales, lo que constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta podría conllevar que se decrete la separación inmediata e indefinida de la profesión legal. In re López Pérez, *supra*, pág. 126; In re Canales Pacheco, 200 DPR 228, 233 (2018).

## B. Obligación ética de educación jurídica continua

El Canon 2 del Código de Ética Profesional, *supra*, dispone:

> A fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional[...].

Cónsono con este postulado, hemos adoptado reglamentación para regular el modo en que los abogados y las abogadas deben cumplir con esa obligación. De conformidad con la Regla 29 del Reglamento del Programa de Educación Jurídica Continua (Reglamento), 4 LPRA Ap. XVII-E, el y la profesional del Derecho activo o activa, salvo ciertas excepciones, deberá cumplir con un mínimo de veinticuatro (24) horas crédito de educación jurídica continua en cada periodo de tres (3) años.

En caso de que el abogado o abogada incumpla con los requisitos de educación jurídica continua, la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, *supra,* dispone para que dentro de los sesenta (60) días siguientes a la terminación del periodo de cumplimiento se le envíe a este o esta un *Aviso de Incumplimiento.* El Reglamento también provee para que el abogado o abogada exponga las razones que justifiquen su incumplimiento, como también para la celebración de una vista informal. De persistir en su incumplimiento, podrá ser referido a la Junta de Educación Jurídica Continua, la cual, en última instancia, podrá elevar el asunto ante nuestra consideración*.* **El abogado o abogada incumplidor o incumplidora se expone a enfrentar sanciones de este Tribunal, que pueden incluir la separación indefinida de la profesión.** In re González Borgos*,* 192 DPR 926, 932 (2015) ("Hemos suspendido del ejercicio de la profesión a abogados

y abogadas que no cumplen con los requisitos del PEJC ni atienden sus requerimientos, así como las órdenes de este Tribunal".). Véase, también: In re Luis Paisán, 190 DPR 1 (2014); In re Del Campo Alomar, 188 DPR 587 (2013); In re Piñeiro Vega, 188 DPR 77 (2013); In re Grau Collazo, 185 DPR 938 (2012).

**III**

**No hay controversia en cuanto a que el licenciado Espinosa Valentín se encuentra en incumplimiento con los requisitos del PEJC.** Nuestra intervención es motivada por el hecho de que, a pesar de las múltiples oportunidades que el PEJC le ha concedido para que subsane y/o explique su incumplimiento, este ha optado por hacer caso omiso. Recuérdese que el PEJC no solo utilizó los mecanismos ordinarios de comunicación para contactar al licenciado Espinosa Valentín, sino que este Tribunal también autorizó la publicación de dos edictos en periódicos de circulación general en Puerto Rico. No empece a estos esfuerzos, el letrado no compareció, como tampoco pudimos precisar su paradero para diligenciar nuestra orden de mostrar causa.

Colegimos que el licenciado Espinosa Valentín conscientemente ha ignorado tanto los requerimientos del PEJC como las órdenes de este Tribunal. Esto queda demostrado al figurar como activo en el RUA y someter mensualmente los informes mensuales en la plataforma SIGNO Notarial. **No podemos tolerar semejante conducta displicente y contumaz**

**por parte de un integrante de la profesión legal. Por tanto, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.**

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Espinosa Valentín del ejercicio de la abogacía y la notaría.

A la luz de lo anterior, le imponemos al señor Espinosa Valentín el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Además, le ordenamos al Alguacil de este Tribunal que proceda inmediatamente a incautar el sello y la obra notarial, si la hubiera, del señor Espinosa Valentín para que esta sea debidamente custodiada e inspeccionada por la Oficina de Inspección de Notarías. Así las cosas, de

conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 *et seq.*, se da por terminada la última fianza otorgada. Así, se garantizan las funciones notariales del notario y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por el fiado durante el periodo en que estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Aníbal E. Espinosa Valentín          TS-11,819

SENTENCIA

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Aníbal E. Espinosa Valentín del ejercicio de la abogacía y la notaría.

A la luz de lo anterior, le imponemos al señor Espinosa Valentín el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Además, le ordenamos al Alguacil de este Tribunal que proceda inmediatamente a incautar el sello y la obra notarial, si la hubiera, del señor Espinosa Valentín

Valentín para que esta sea debidamente custodiada e inspeccionada por la Oficina de Inspección de Notarías. Así las cosas, de conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 *et seq.*, se da por terminada la última fianza otorgada. Así, se garantizan las funciones notariales del notario y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por el fiado durante el periodo en que estuvo vigente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no intervino.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo