EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | |
|---|---|
| In re: <br><br><br> Luis Efraín Cay Espinosa <br> (TS-20,271) | 2024 TSPR 35 <br><br> 213 DPR ___ |

Número del Caso: AB-2023-0213

Fecha: 16 de abril de 2024

Abogado del promovido:

    Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Luis Efraín Cay Espinosa<br>(TS-20,271) | AB-2023-0213 | |

PER CURIAM

En San Juan, Puerto Rico, a 16 de abril de 2024.

Nuevamente, este Tribunal se ve obligado a sancionar la falta de diligencia exhibida por un miembro de la profesión legal con nuestras órdenes durante un procedimiento disciplinario. Tomando en consideración la desidia desplegada por el Lcdo. Luis E. Cay Espinosa (licenciado Cay Espinosa), la cual reseñaremos a continuación, le suspendemos de forma inmediata e indefinida del ejercicio de la profesión.

**I**

El licenciado Cay Espinosa fue admitido al ejercicio de la abogacía el 20 de febrero de 2015.

El 5 de septiembre de 2023, el Sr. Pedro Sánchez Santana (señor Sánchez Santana) presentó una Queja en contra del licenciado Cay Espinosa. En esta, indicó que el letrado desatendió su caso y falló en entregar ciertos

documentos oportunamente, por lo que el Tribunal de Primera Instancia lo multó en varias ocasiones y, eventualmente, desestimó el caso con perjuicio. A esto añadió que el licenciado Cay Espinosa no le informó de desarrollo alguno en el caso, incluyendo la desestimación, de lo cual el señor Sánchez Santana advino en conocimiento casi seis (6) meses después cuando acudió al tribunal para conocer la razón por la que el caso parecía estar inactivo.[1]

Acto seguido, el 22 de septiembre de 2023, el licenciado Cay Espinosa fue informado de la Queja presentada en su contra y de que contaba con un término de diez (10) días para presentar su contestación.

El 2 de octubre de 2023, el letrado presentó una Moción solicitando prórroga en la cual sostuvo que su carga de trabajo y la enfermedad de un familiar le habían imposibilitado formular la respuesta exigida. A raíz de esta, le fue concedido un término adicional de veinte (20) días para contestar, bajo apercibimiento de que no comparecer dentro del término podía conllevar la imposición de sanciones, incluyendo la suspensión del ejercicio de la profesión.

---

[1]Acompañó su Queja con una Declaración jurada y la Sentencia del 19 de enero de 2023 mediante la cual el Tribunal de Primera Instancia desestimó la causa de acción del señor Sánchez Santana debido al largo patrón de incumplimientos e incomparecencias del licenciado Cay Espinosa.

El 24 de octubre de 2023, el licenciado Cay Espinosa instó una <u>Moción solicitando última prórroga</u> bajo el mismo argumento relacionado con la enfermedad de un familiar. En consecuencia, se le concedió un término adicional de diez (10) días para presentar su respuesta a la <u>Queja</u>, so pena de las consecuencias antes advertidas.

Nuevamente, el 6 de noviembre de 2023, este compareció mediante una <u>Moción solicitando contestar queja presentada para el 14 de noviembre de 2023</u> en la cual indicó que una enfermedad le había prohibido completar su contestación, como también ciertas dudas sobre los hechos que quería aclarar con el señor Sánchez Santana. Esta resultó en la concesión de un término adicional hasta la fecha específicamente solicitada.

Sin embargo, el licenciado Cay Espinosa volvió a solicitar un término adicional para contestar el 14 de noviembre de 2023 a través de una <u>Moción informativa</u>, esta vez por la posibilidad de llegar a un acuerdo con el señor Sánchez Santana. En respuesta, le fue concedido hasta el 22 de noviembre de 2023 para presentar su respuesta.

A pesar de ello, compareció el 27 de noviembre de 2023 mediante otra <u>Moción informativa</u> en la cual indicó que no presentó su contestación en la fecha antes concedida por entender que había cierre de funciones en el Tribunal y por todavía estar a la espera de que el señor Sánchez Santana respondiera al acuerdo extendido. Se le otorgó al

letrado hasta el 5 de diciembre de 2023 para responder a las imputaciones en su contra.

Ante su incomparecencia, el 29 de diciembre de 2023, este Tribunal emitió una Resolución mediante la cual le concedió diez (10) días al licenciado Cay Espinosa para que mostrara causa por la que no debía ser suspendido de la profesión por incumplir con nuestras órdenes para contestar la Queja.

El 17 de enero de 2024, el licenciado Cay Espinosa presentó una Moción urgente solicitando pr[ó]rroga en la cual peticionó diez (10) días adicionales para contestar por razón de que había tenido un percance de salud.[2]

El 26 de enero de 2024, este Tribunal emitió una Resolución en la cual concedió un término final de diez (10) días al licenciado Cay Espinosa para que presentara su contestación a la Queja. Se le advirtió que su incumplimiento con esta directriz podía conllevar sanciones disciplinarias severas, incluyendo su suspensión del ejercicio de la profesión.

A la luz del cuadro fáctico antes reseñado, y en consideración al hecho de que, transcurrido en exceso el término concedido, a la fecha de esta Opinión Per Curiam

---

[2]Esta fue acompañada por una copia de una nota médica con fecha de 12 de enero de 2024 que indicó lo siguiente: "A quien corresponda: Favor excusar por condición médica. Regreso a labores: 20 ene[r]o 2024". Esta nota, sin más, es insuficiente para justificar sus reiterados incumplimientos.

el licenciado Cay Espinosa aún no ha cumplido con las órdenes del procedimiento disciplinario de este Tribunal, procedemos a sancionarle conforme al estado de Derecho que examinaremos a continuación.

## II

Conforme lo ha reiterado este Tribunal en innumerables ocasiones, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige que todos los miembros de la profesión "observ[en] para con los tribunales una conducta que se caracterice por el mayor respeto". De acuerdo con este mandato, las abogadas y los abogados tienen el "deber de cumplir pronta y diligentemente todos nuestros requerimientos y órdenes, pues su desatención constituye un desafío a nuestra autoridad". In re Malavé León, 211 DPR 971 (2023). Este canon aplica "especialmente cuando se trata de procesos disciplinarios" mediante los cuales "los integrantes de la profesión legal tienen el deber de responder diligente y oportunamente a nuestros requerimientos y órdenes". In re Meléndez Mulero, 208 DPR 541 (2022).

De la misma forma, hemos establecido que el deber de conducirse con el mayor de los respetos para con los tribunales no se limita solo a las órdenes emitidas por este Tribunal, sino que se extiende a los requerimientos de nuestros brazos operacionales que intervienen en el proceso disciplinario. In re Alers Morales, 204 DPR 515, 519 (2020).

"[D]esatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". In re Jiménez Meléndez, 198 DPR 453, 457 (2017). Tal falta ética es independiente de los méritos que pueda tener la queja presentada contra el abogado y es suficiente para decretar la separación inmediata e indefinida de la profesión. In re Cardona Estelritz, 2023 TSPR 100.

Expuesto el cuadro normativo que rige la controversia ante nos, procedemos a evaluar la conducta del licenciado Cay Espinosa bajo tal crisol.

**III**

Según se indicó, el licenciado Cay Espinosa fue ordenado a responder a la Queja que el señor Sánchez Santana presentó en su contra por, según fue alegado, incumplir con las órdenes del Tribunal de Primera Instancia hasta provocar la desestimación con perjuicio del caso cuya representación le había sido encomendada.

A partir de entonces, entre octubre de 2023 y enero de 2024, el licenciado Cay Espinosa procedió a solicitar seis (6) prórrogas y extensiones de términos por razones que variaban entre enfermedades personales y familiares hasta posibles acuerdos con el señor Sánchez Santana. A pesar de que todas y cada una de sus peticiones fueron

concedidas, todas bajo el apercibimiento de que su incumplimiento podía conllevar sanciones, e incluso transcurrido en exceso de dos (2) meses el último término otorgado, el licenciado Cay Espinosa aún no ha presentado su contestación a la Queja según le fue ordenado hace más de seis (6) meses.

El cuadro fáctico antes descrito demuestra un incumplimiento voluntario, reiterado y deliberado por parte del licenciado Cay Espinosa con las órdenes de este Tribunal y su conducta ha provocado una dilación intolerable en nuestra función disciplinaria. A la luz de este patrón de desobediencia, el cual se magnifica al considerar que la larga cadena de solicitudes de prórroga demuestra que este recibía las comunicaciones de este Tribunal, no hay lugar a dudas de que se configura una violación al Canon 9 del Código de Ética Profesional, supra, que amerita la suspensión inmediata e indefinida del licenciado Cay Espinosa de la práctica de la abogacía.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Luis E. Cay Espinosa del ejercicio de la abogacía.

En virtud de tal suspensión, le imponemos el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que

devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal dentro del término conferido el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de la suspensión. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía.

Notifíquese esta Opinión <u>Per Curiam</u> y <u>Sentencia</u> al Sr. Luis E. Cay Espinosa mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Luis Efraín Cay Espinosa<br>(TS-20,271) | AB-2023-0213 | |
|---|---|---|

SENTENCIA

En San Juan, Puerto Rico, a 16 de abril de 2024.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Luis Efraín Cay Espinosa del ejercicio de la abogacía.

En virtud de tal suspensión, se le impone el deber de, dentro del término de **treinta (30) días**, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal dentro del término conferido el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de la suspensión. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía.

Notifíquese esta Opinión Per Curiam y Sentencia al Sr. Luis Efraín Cay Espinosa mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo