EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Edmundo Ayala Oquendo<br>(TS-8,072) | 2025 TSPR 9<br><br>215 DPR ___ |
|---|---|

Número del Caso:  CP-2020-0019
                  (AB-2019-0135)


Fecha:  23 de enero de 2025


Oficina del Procurador General:

        Lcda. Lorena Cortés Rivera
        Subprocuradora General

        Lcda. Mabel Sotomayor Hernández
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar

        Lcda. Juliana N. Castro Ramos
        Procuradora General Auxiliar


Representante legal del querellado:

        Lcdo. Javier E. Boria Cruz


Comisionado Especial:

        Hon. Aldo González Quesada


Materia:  Conducta Profesional – Suspensión inmediata del ejercicio de la abogacía por un término de tres (3) meses por infringir los Cánones 9, 12, 18, 19, 20, 35 y 38 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

                                    CP-2020-0019
  Edmundo Ayala Oquendo           (AB-2019-0135)
       (TS-8,072)


                            *PER CURIAM*

En San Juan, Puerto Rico, a 23 de enero de 2025.

     Una vez más nos vemos obligados a suspender del ejercicio de la abogacía, -- en esta ocasión por un término de tres (3) meses --, a un miembro de la profesión legal que, con su proceder, infringió los Cánones 9 (conducta del abogado ante los tribunales), 12 (puntualidad y tramitación de las causas), 18 (competencia del abogado y consejo al cliente), 19 (deber de mantener informado al cliente), 20 (renuncia de representación legal), 35 (sinceridad y honradez) y 38 (preservación del honor y la dignidad de la profesión) del Código de Ética Profesional, *infra*. Veamos.

## I.

El Lcdo. Edmundo Ayala Oquendo (en adelante, "licenciado Ayala Oquendo") fue admitido al ejercicio de la abogacía el 26 de junio de 1985, y al ejercicio de la notaría el 2 de septiembre de 1986.[1]

Allá para el 17 de junio de 2019, la Sra. Josefina Z. Scott, también conocida como la Sra. Josefina Z. Centinales (en adelante, "señora Centinales"), presentó ante este Tribunal una *Queja* en contra del licenciado Ayala Oquendo. En ésta, alegó que el referido letrado no le informó sobre la celebración de cierta vista celebrada el 13 de agosto de 2018, en la causa *Josefina Z. Centinales v. Nathan Scott, Civil Núm. NSRF201400871*, en la cual el Tribunal de Primera Instancia, en esencia, le otorgó la custodia de su hijo menor, JOSC, al Sr. Nathan Scott (en adelante, "señor Scott"), -- excónyuge de ésta --, paralizó determinado plan de relaciones maternofiliales y señaló una vista de seguimiento en su caso para el 4 de octubre de 2018.

Enterado de la *Queja* en su contra, el 16 de julio de 2019 el licenciado Ayala Oquendo compareció ante nos e indicó que desde principios del año 2017 no fungía como abogado de la señora Centinales, luego de que ésta le retirara la confianza, y le solicitara el expediente de su caso, por no estar satisfecha con la representación legal que éste le brindaba. Lo anterior sucedió tras ésta no haber

---

[1] Cabe señalar que, en la actualidad, el licenciado Ayala Oquendo sólo ejerce la abogacía.

prevalecido en determinada solicitud de pensión excónyuge donde fungió como su abogado.

En su contestación a la queja, el referido letrado fue enfático en que la señora Centinales le contrató única y exclusivamente para solicitar la pensión excónyuge a la que hicimos referencia, y no para atender cuestiones de custodia ni de relaciones paternofiliales, como las que se atendieron en la vista celebrada el 13 de agosto de 2018 en el caso *Josefina Z. Centinales v. Nathan Scott, Civil Núm. NSRF201400871*. El licenciado Ayala Oquendo explicó que la razón por la cual no radicó la *Moción de renuncia a representación legal*, para la fecha en que se celebró la vista señalada por la señora Centinales, fue por olvido involuntario.[2]

Habiéndose referido este asunto a la Oficina del Procurador General para la investigación de rigor, el 10 de junio de 2020 el referido ente gubernamental presentó su correspondiente *Informe*. En éste, -- luego de evaluar la prueba testifical y documental ante su consideración --, concluyó que el referido letrado incurrió en conducta contraria a los Cánones 9, 12, 18, 19, 20, 35 y 38 del Código de Ética Profesional, *infra*. Concluyó esto, tras razonar que, en efecto, y contrario a lo señalado por éste, el licenciado Ayala Oquendo fue el abogado de récord de la

---

[2] Es menester señalar que, dicha moción se presentó el 13 de septiembre de 2018, luego de que el Tribunal de Primera Instancia, mediante una *Orden de mostrar causa,* le requiriera al referido letrado que excusara su incomparecencia.

señora Centinales en el caso *Josefina Z. Centinales v. Nathan Scott, Civil Núm. NSRF201400871*, desde el 30 de octubre de 2015 hasta el 14 de septiembre de 2018, y que, durante ese tiempo, sí representó a esta última en determinada vista sobre relaciones paternofiliales y custodia de su hijo.[3]

Así las cosas, -- evaluado el *Informe del Procurador General*, y tras el mencionado letrado tener la oportunidad de expresarse sobre el mismo --, el 4 de diciembre de 2020 emitimos una *Resolución* mediante la cual le ordenamos a la Oficina del Procurador General presentar la correspondiente querella. Esa *Resolución* fue oportunamente notificada a todas las partes con interés en el presente proceso disciplinario.

Cumpliendo con lo ordenado, el 21 de diciembre de 2020 la Oficina del Procurador General presentó la *Querella* aquí

---

[3] En particular, y en lo pertinente al procedimiento disciplinario ante nos, el Procurador General sostuvo lo siguiente: (1) que la señora Centinales contrató al licenciado Ayala Oquendo en el año 2015 para que la representara en el caso núm. NSRF201400871; (2) que el referido letrado fue notificado el 22 de julio de 2016 sobre un señalamiento de vista cuyo fin era atender el *Informe de la Unidad Social* requerido por el Tribunal de Primera Instancia; (3) que éste compareció a dicha vista; (4) que el 11 de septiembre de 2017 el señor Scott presentó ante el foro primario una *Moción en solicitud de cambio de custodia* y el Tribunal de Primera Instancia le ordenó a este último notificar al abogado de récord que representaba a la señora Centinales en el caso núm. NSRF201400871, entiéndase, al licenciado Ayala Oquendo; (5) que luego de la debida notificación, el foro primario señaló una *Vista de lectura de Informe Social* para el 13 de agosto de 2018, la cual también fue notificada al referido letrado; (6) que a dicha vista no compareció la señora Centinales ni el licenciado Ayala Oquendo, por lo que el Tribunal de Primera Instancia otorgó la custodia permanente del menor al señor Scott de manera inmediata y emitió una *Orden de mostrar causa* a los efectos de que el referido letrado explicara su incomparecencia;(7) que el 12 de septiembre de 2018 la señora Centinales presentó una moción por derecho propio mediante la cual indicó que no había sido notificada de la vista del 13 de agosto de 2018; y (8) que el 13 de septiembre de 2018 el licenciado Ayala Oquendo presentó su *Moción de renuncia de representación legal*, la cual fue acogida el 14 de septiembre de 2018.

CP-2020-0019                                          5

en consideración. En ésta formuló los siguientes cargos en contra del licenciado Ayala Oquendo:

## Cargo I y II

El licenciado Edmundo Ayala Oquendo incurrió en conducta contraria a los Cánones 9 y 12 de Ética Profesional, al ausentarse sin excusa del señalamiento a vista del 13 de agosto de 2018 en el caso NSRF201400871 y no atender la Orden de Mostrar Causa que se emitió como resultado de dicha incomparecencia.

## Cargo III, IV y V

El licenciado Ayala Oquendo no cumplió con los deberes que le impone[n] los Cánones 18, 19 y 20 de Ética Profesional, al abandonar la representación legal de su cliente en el caso, sin informarla de ello y sin obtener la autorización del Tribunal; al no presentar su renuncia de forma oportuna y diligente; y al no mantener debidamente informada a su cliente de los sucesos previos a la vista del 13 de agosto de 2018 ni de dicho señalamiento, a pesar de haber sido notificado de todos.

## Cargo VI

El licenciado Ayala Oquendo incurrió en conducta contraria al deber de sinceridad y honradez que le impone el Canon 35 al aseverar, dentro del trámite de la queja AB-2019-0135, lo siguiente: (i) que fue contratado única y "exclusivamente para solicitar alimentos y/o pensión excónyuge"; (ii) que no fue contratado para los demás incidentes del caso, tales como la custodia y las relaciones paternofiliales; (iii) que en el expediente de Tribunal de Primera Instancia no existía algún escrito suyo que se relacionara con otro asunto que no fuera la pensión excónyuge; y (iv) que para la vista celebrada el 13 de agosto de 2018, ya no era el representante legal de la promovente. Sin embargo, el expediente judicial no sostiene dichas aseveraciones. Del expediente surge que el licenciado Ayala Oquendo sí representó a la señora Centinales en una vista en la que se determinaron las relaciones paternofiliales y se mantuvo la custodia de los menores inalterada; y que éste fue el representante legal de la señora Centinales

desde el 30 de octubre de 2015 hasta el 14 de septiembre de 2018.

## Cargo VII

La conducta desplegada por el licenciado Ayala Oquendo en los hechos que se esbozan en la presente Querella, no exaltó el honor y la dignidad de la profesión a la que pertenece, por lo que violó el Canon 38.

Recibida la querella en su contra, el 10 de febrero de 2021 el licenciado Ayala Oquendo presentó su *Réplica a Querella*. En esencia, éste reiteró sus alegaciones en cuanto a que no era el abogado de la señora Centinales para el 13 de agosto de 2018, fecha en que se celebró la vista donde, entre otras cosas, se le otorgó la custodia del hijo de ésta al señor Scott; que por olvido involuntario no había solicitado la renuncia a la representación legal al Tribunal de Primera Instancia para esa fecha; y que sus actos no tuvieron consecuencia alguna contra los intereses de la señora Centinales.

Así pues, tras examinar la *Querella* y la contestación a ésta presentada por el referido letrado, el 28 de noviembre de 2023 emitimos una *Resolución* mediante la cual designamos al Hon. Aldo J. González Quesada, ex juez del Tribunal de Primera Instancia, como Comisionado Especial (en adelante "comisionado especial González Quesada"). Éste tendría la responsabilidad de recibir la prueba relacionada a este proceso disciplinario, evaluar la misma, hacer las determinaciones de hecho y conclusiones de derecho de rigor, así como emitir el correspondiente informe a este Tribunal.

Luego de un extenso trámite procesal, el 27 de agosto de 2024 el comisionado especial González Quesada presentó su *Informe del Comisionado Especial al Honorable Tribunal* (en adelante, "*Informe*"). En éste, concluyó que, en el presente proceso disciplinario, en efecto, se logró establecer con prueba clara, robusta y convincente que el licenciado Ayala Oquendo violó los Cánones 9, 12, 18, 19, 20, 35 y 38 del Código de Ética Profesional, *infra*.

Ahora bien, el comisionado especial González Quesada nos solicitó que, al momento de determinar la sanción correspondiente, tomásemos en consideración lo siguiente: (1) que el licenciado Ayala Oquendo fue admitido a ejercer la profesión legal hace 38 años y la notaría hace 37 años; (2) que el referido letrado no presentó prueba testifical ni documental sobre su reputación en la comunidad; (3) **que, el 3 de mayo de 2012, el referido letrado fue suspendido del ejercicio de la abogacía por un término de seis (6) meses por infracción de los Cánones 18 y 35 del Código de Ética Profesional,** *infra*, **así como por violación a la fe pública notarial;**[4] (4) que el licenciado Ayala Oquendo no reconoció la gravedad de su conducta ni los daños causados a la señora Centinales; y (5) que esta última no ha recibido resarcimiento alguno por parte del referido letrado.

Así las cosas, tras evaluar el *Informe* emitido por el Comisionado Especial, y la *Reacción a Informe del Honorable*

---

[4] In re *Ayala Oquendo*, 185 DPR 572 (2012).

*Comisionado aclarando hechos en ruego ante las recomendaciones expresadas* presentada por el licenciado Ayala Oquendo, en la que este último incluyó argumentos similares a los ya esbozados por éste anteriormente, procedemos, pues, a disponer del presente proceso disciplinario.

II.

A.

Como es sabido, en el Código de Ética Profesional, 4 LPRA Ap. IX., se agrupan las normas de conducta que rigen las actuaciones de los miembros de la profesión legal en nuestro País. *In re Arzola Méndez*, 212 DPR 235, 239 (2023); *In re Bauzá Tirado*, 211 DPR 633, 635 (2023); *In re González Soto*, 211 DPR 621, 628 (2023). Sobre los propósitos que inspiran el precitado cuerpo legal, en el pasado hemos señalado que éste tiene como función principal el promover el desempeño personal y profesional de los abogados y las abogadas admitidos al ejercicio de la abogacía en nuestra jurisdicción, de acuerdo con los más altos principios de conducta decorosa; lo que, a su vez, redunda en beneficio de la profesión legal, la ciudadanía y las instituciones de justicia. *In re Navedo Dávila*, 203 DPR 300, 306 (2019); *In re Cruz Liciaga*, 198 DPR 828, 834 (2017); *In re Franco Rivera*, 197 DPR 628, 634 (2017).

A tenor con lo anterior, en innumerables ocasiones, este Tribunal ha sentenciado que el incumplimiento con las antedichas normas éticas puede acarrear la imposición de

serias sanciones disciplinarias. *In re González Soto*, *supra;*
*In re Rodríguez Lugo*, 201 DPR 729, 736 (2019); *In re Cruz
Liciaga*, *supra*, pág. 835. Entre estas sanciones se
encuentra, claro está, la suspensión del ejercicio de la
abogacía y la notaría.

B.

Establecido lo anterior, y ya más en lo relacionado al
proceso disciplinario que nos ocupa, el **Canon 9** del Código
de Ética Profesional, 4 LPRA Ap. IX, C.9, exige que todo
abogado o abogada observe para con los tribunales una
conducta que se caracterice por el mayor respeto. *In re Cay
Espinosa*, 2024 TSPR 35, 213 DPR __ (2024); *In re Sánchez
Rivoleda*, 2024 TSPR 32, 213 DPR __ (2024); *In re Espinosa
Valentín*, 2024 TSPR 26, 213 DPR __ (2024). En lo pertinente,
esta Curia ha resuelto que un letrado o una letrada que no
cumple con las órdenes de este Tribunal, o con las órdenes
de cualquier foro ante el que se encuentre obligado a
comparecer, infringe lo dispuesto en el referido canon. *In
re Irizarry Irizarry,* 190 DPR 368, 374 (2014); *In re García
Ortiz,* 187 DPR 507, 524 (2012); *In re Irizarry Maldonado*,
172 DPR 306, 307 (2007).

El **Canon 12** del Código de Ética Profesional, 4 LPRA Ap.
IX, C.12, por su parte, le requiere a los y las profesionales
del Derecho que sean puntuales y exactos en la tramitación
y presentación de las causas en las que representan a alguna
parte, desplegando todas las diligencias necesarias para
evitar dilación en el proceso esencial de impartir justicia.

*In re Torres Alvarado*, 212 DPR 477, 486 (2023); *In re Aponte Morales*, 211 DPR 171, 186 (2023); *In re Rodríguez Lugo*, *supra*, pág. 737. Respecto al alcance del término diligencia contemplado en la antes mencionada norma deontológica, hemos señalado que el mismo exige que el abogado o la abogada realice las gestiones que le fueron encomendadas por su cliente de forma oportuna, adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia. *In re Rodríguez Lugo, supra*; *In re Morell Bergantiños,* 195 DPR 759, 763 (2016); *In re Nazario Díaz*, 195 DPR 623, 635 (2016). Así pues, "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que coloquen en riesgo la causa de acción de los clientes, son infracciones patentes a este canon". *In re Nazario Díaz, supra.*

El **Canon 18** del Código de Ética Profesional, 4 LPRA Ap. IX, C.18, por su lado, y en lo que aquí nos concierne, establece que,

> [e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

En ese sentido, cuando un abogado o una abogada acepta la encomienda de representar a una persona y no la ejecuta de forma adecuada y responsablemente, infringe el mencionado Canon 18, *supra. In re Nazario Díaz, supra*, pág. 636*; In re Cotto Luna*, 187 DPR 584, 589 (2012); *In re Pujol Thompson*, 171 DPR 683, 698 (2007). Lo anterior así, pues se considera

incompatible con la profesión, y por lo tanto una violación ética, cualquier acto de un letrado o una letrada que demuestre desidia, despreocupación, indiferencia, displicencia o inacción. *In re Carrasquillo Bermúdez*, 203 DPR 847, 861 (2020); *In re López Santiago,* 199 DPR 797, 811 (2018); *In re Díaz Nieves et als.,* 189 DPR 1000, 1012 (2013).

El **Canon 19** del Código de Ética Profesional, 4 LPRA Ap. IX, C.19, como sabemos, es el que exige que un o una representante legal, en todo momento, mantenga informado a su cliente de los trámites relacionados al litigio en que le representa. *In re Crespo Pendas,* 211 DPR 510, 517 (2023); *In re Díaz Nieves et als., supra*, pág. 1015*; In re Nieves Nieves*, 181 DPR 25, 39 (2011). A esos efectos, se incumple con el referido canon cuando un abogado o una abogada no mantiene informado a su cliente de la situación procesal del caso, no le informa de un resultado adverso en la gestión encomendada, se torna inaccesible o no atiende los reclamos de información de su cliente. *In re Rivera Rodríguez*, 202 DPR 1026, 1048 (2019); *In re Hernández López*, 197 DPR 340, 350 (2017); *In re Nazario Díaz*, *supra*, pág. 638.

El **Canon 20** del Código de Ética Profesional, 4 LPRA Ap. IX, C.20, dentro del ordenamiento deontológico bajo estudio, es el que establece el procedimiento que se debe seguir para renunciar a la representación legal de un cliente. *In re Ocasio Bravo*, 209 DPR 1043, 1054-1055 (2022); *In re Nazario Díaz*, *supra*, pág. 639; *In re Ramos Hernández*, 183 DPR 647, 655 (2011). Al amparo del mismo, este Tribunal ha sido claro

al expresar que "un togado [o togada] que haya comparecido ante el tribunal, representando a un cliente, debe obtener el permiso del tribunal para que la renuncia sea efectiva". *In re Rivera Rodríguez*, *supra*, págs. 1048-1049. Presentada la misma, "la renuncia del abogado o de la abogada está sujeta a que el foro pertinente la autorice y a que éste o ésta tome las medidas razonables para evitar ocasionar perjuicio a su representado". *In re Torres Alvarado*, *supra*, pág. 489.

El **Canon 35** del Código de Ética Profesional, 4 LPRA Ap. IX, C.35, de otro lado, "recoge el deber que tienen los y las profesionales del Derecho de comportarse de forma sincera y honrada". *In re Román Jiménez*, 2024 TSPR 9, 213 DPR __ (2024). Sobre el particular, este Tribunal ha sentenciado que este canon se incumple por el simple hecho de un abogado o una abogada faltar a la verdad, independientemente de las razones habidas para ello. *In re Raffucci Caro*, 2024 TSPR 19, 213 DPR __ (2024); *In re Lugo Quiñones I*, 206 DPR 1, 12 (2021); *In re Charbonier Laureano*, 204 DPR 351, 364 (2020). Ello es así, puesto que el ejercicio de la profesión legal se fundamenta en la búsqueda de la verdad. *In re Lugo Quiñones I*, *supra*; *In re Ramírez Salcedo*, 196 DPR 136, 148 (2016); *In re Sierra Arce*, 192 DPR 140, 147 (2014). A esos fines, consistentemente hemos insistido en que un o una profesional del Derecho incumple con el Canon 35, *supra*, cuando le provee al tribunal información falsa o que no se ajuste a la verdad, o cuando oculte información

que deba ser revelada. *In re Jusino Torres*, 210 DPR 919, 933 (2022); *In re Valentín Custodio*, 187 DPR 529, 547 (2012); *In re Nieves Nieves*, *supra*, pág. 45.

Por último, y en aras de disponer correctamente del asunto disciplinario ante nuestra consideración, es menester señalar que el **Canon 38** del Código de Ética Profesional, 4 LPRA Ap. IX, C.38, es el que instituye el deber de todo abogado o abogada de exaltar el honor y la dignidad de la profesión legal. A tenor con lo anterior, este Tribunal ha expresado que, por ser los abogados y las abogadas el espejo donde se refleja la imagen de la profesión, éstos y éstas deben actuar con el más escrupuloso sentido de responsabilidad, teniendo siempre presente la función social que ejercen. *In re Stacholy Ramos*, 207 DPR 521, 531 (2021); In re *Ramos Sáenz*, 205 DPR 1089, 1102 (2020); *In re Reyes Coreano*, 190 DPR 739, 757 (2014). En ese sentido, "los abogados y las abogadas deben evitar, incluso, la mera apariencia de impropiedad ya que ésta puede ser perjudicial a la confianza en las instituciones de justicia y en los miembros de la profesión legal". *In re Santos Negrón*, 212 DPR 965, 977 (2023). Véase, *In re Suárez Marchán*, 159 DPR 724, 745 (2003).

## III.

Dicho ello, y ya para finalizar, debemos tener presente que, al momento de determinar la sanción disciplinaria a imponerle al abogado o abogada por una conducta que constituya una infracción al ordenamiento deontológico antes

reseñado, -- como aquí sucedió --, es deber de este Tribunal el tomar en consideración los siguientes factores: (1) la reputación del abogado en la comunidad, (2) su historial disciplinario, (3) si la conducta es una aislada, (4) si medió ánimo de lucro, (5) si presentó una defensa frívola de su conducta, (6) si ocasionó perjuicio a alguna parte, (7) si resarció al cliente, (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fue imputada, y, (9) otros atenuantes o agravantes que surjan de los hechos. *In re Raffucci Caro*, *supra*; *In re Román Jiménez*, *supra*; *In re Lajara Radinson*, 207 DPR 854, 866 (2021).

Es, pues, a la luz de la normativa deontológica antes expuesta que procedemos a disponer del proceso disciplinario que nos ocupa.

IV.

Como mencionamos anteriormente, el presente proceso disciplinario fue referido ante un Comisionado Especial, -- en este caso, el comisionado especial González Quesada --, quien tuvo la oportunidad de examinar cuidadosa y detenidamente la prueba presentada, y de hacer sus correspondientes determinaciones de hechos y conclusiones de derecho. En su *Informe*, el comisionado especial González Quesada concluyó que, con su conducta, el licenciado Ayala Oquendo infringió los Cánones 9, 12, 18, 19, 20, 35 y 38 del Código de Ética Profesional, *supra*. Coincidimos.

Y es que, según se desprende del expediente ante nuestra consideración, y del muy bien elaborado *Informe* del

comisionado especial González Quesada, sin lugar a dudas, el referido letrado, con sus actuaciones, incurrió en conducta contraria a varios de los preceptos éticos recogidos en el Código de Ética Profesional, *supra*. Nos explicamos.

En primer lugar, en el presente proceso disciplinario ha quedado claramente establecido que el licenciado Ayala Oquendo al, -- el 13 de agosto de 2018 --, ausentarse sin excusa del señalamiento a vista en el caso *Josefina Z. Centinales v. Nathan Scott*, Civil Núm. *NSRF201400871*, y no atender la *Orden de Mostrar Causa* que se emitió como resultado de dicha incomparecencia, incurrió en conducta contraria a los Cánones 9 y 12 del Código de Ética Profesional, *supra*.

De igual forma, ha quedado aquí completamente demostrado que, el referido letrado, al abandonar la representación legal de su cliente en el caso, sin informarla de ello y sin obtener la autorización del Tribunal; al no presentar su renuncia de forma oportuna y diligente; y al no mantener debidamente informada a su cliente de los sucesos previos a la vista del 13 de agosto de 2018, ni de dicho señalamiento, a pesar de haber sido notificado, no cumplió con los deberes que le imponen los Cánones 18, 19 y 20 del Código de Ética Profesional, *supra*.

Por otra parte, el licenciado Ayala Oquendo incurrió en conducta contraria al Canon 35 del Código de Ética Profesional, *supra*, al aseverar, dentro del trámite de la

queja AB-2019-0135, que: (1) fue contratado única y "exclusivamente para solicitar alimentos y/o pensión excónyuge"; (2) no fue contratado para los demás incidentes del caso, tales como la custodia y las relaciones paternofiliales; (3) en el expediente del Tribunal de Primera Instancia no existía algún escrito suyo que se relacionara con otro asunto que no fuera la pensión excónyuge; y (4) para la vista celebrada el 13 de agosto de 2018 ya no era el representante legal de la promovente. Ello es así, puesto que, según mencionamos, el expediente judicial no sostiene dichas alegaciones, sino todo lo contrario. Del expediente ante nuestra consideración surge que el referido letrado sí representó a la señora Centinales en la vista donde se determinaron las relaciones paternofiliales y se mantuvo la custodia de su hijo inalterada, y que éste fue el representante legal de la promovente desde el 30 de octubre de 2015 hasta el 14 de septiembre de 2018.

Por último, concluimos que el licenciado Ayala Oquendo, al desobedecer la obligación ética de conducirse de manera responsable y comprometida con la profesión a la que pertenece, de exaltar el honor y la dignidad de la misma y de cumplir con las demás responsabilidades que impone nuestro ordenamiento deontológico, exhibió una conducta contraria a lo dispuesto en el Canon 38 del Código de Ética Profesional, *supra*.

V.

Por consiguiente, en vista de la conducta incurrida por el licenciado Ayala Oquendo, -- en clara violación de los Cánones 9, 12, 18, 19, 20, 35 y 38 del Código de Ética Profesional, *supra* --, y tomando en consideración el hecho de que el letrado no ha demostrado aceptación ni sincero arrepentimiento por la conducta que le fue imputada, que ocasionó perjuicio a la querellante y que ha sido objeto de sanción disciplinaria en el pasado, se le suspende inmediatamente del ejercicio de la abogacía por el periodo de tres (3) meses.

Consecuentemente, se le impone al señor Ayala Oquendo el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver los expedientes de los casos pendientes, así como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Notifíquese al señor Ayala Oquendo esta *Opinión Per Curiam* y *Sentencia*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Edmundo Ayala Oquendo
(TS-8,072)

CP-2020-0019
(AB-2019-0135)

SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2025.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se le suspende al Sr. Edmundo Ayala Oquendo inmediatamente del ejercicio de la abogacía por el periodo de tres (3) meses.

Consecuentemente, se le impone al señor Ayala Oquendo el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver los expedientes de los casos pendientes, así como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Notifíquese al señor Ayala Oquendo esta *Opinión Per Curiam* y *Sentencia*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.


                              Bettina Zeno González
                 Secretaria del Tribunal Supremo Interina