EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

María M. Figueroa Carrasquillo
(TS-8,967) | 2025 TSPR 19

215 DPR ___ |

Número del Caso: AB-2023-0095

Fecha: 5 de marzo de 2025

Oficina del Procurador General:

Lcda. Mabel Sotomayor Hernández
Subprocuradora General

Lcda. Yaizamarie Lugo Fontánez
Procuradora General Auxiliar

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Representante legal de la promovida:

Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplimiento con las órdenes del Tribunal Supremo y los requerimientos de la Oficina del Procurador General.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María M. Figueroa Carrasquillo     AB-2023-0095
          TS-8,967

PER CURIAM

San Juan, Puerto Rico, a 5 de marzo de 2025.

Ante el incumplimiento con nuestras órdenes y con los requerimientos de la Oficina del Procurador General (OPG), nos vemos en la obligación de ejecutar nuestra autoridad disciplinaria y suspender inmediata e indefinidamente a la Lcda. María M. Figueroa Carrasquillo de la profesión legal.[1]

I

El 19 de abril de 2023, la Sra. Gloria M. Sánchez Acevedo presentó una Queja por incumplimiento de contrato de servicios legales contra la licenciada Figueroa Carrasquillo. En atención a ello, la Subsecretaria de

---

[1] La Lcda. María M. Figuera Carrasquillo fue admitida al ejercicio de la abogacía el 1 de julio de 1988 y prestó juramento como notaria el 11 de diciembre de 1989.

este Tribunal, Lcda. Bettina Zeno González, le requirió su comparecencia mediante dos comunicados remitidos el 9 y 31 de mayo de 2023, respectivamente. Debido a que la abogada no contestó, el 26 de junio de 2023 emitimos una *Resolución* para que, en un término de diez días, la letrada mostrara causa por la cual no debíamos suspenderla de la profesión por incumplir con nuestras órdenes.

El 7 de julio de 2023 la licenciada Figueroa Carrasquillo compareció mediante un escrito intitulado *Solicitud de término adicional* en la que alegó no haber recibido ningún comunicado de este Tribunal ni de la señora Sánchez Acevedo concerniente a la alegada Queja. Con estas alegaciones solicitó un plazo de treinta días para contestar que le concedimos mediante *Resolución* de 9 de agosto de 2023.

Un mes después, nos peticionó treinta días adicionales para contestar la Queja que le concedimos mediante *Resolución* emitida el 18 de septiembre de 2023. El 12 de octubre de 2023 la letrada anunció a la Lcda. Norana Sánchez Alvarado como su representación legal quien, a su vez, solicitó treinta días adicionales para estudiar y contestar la Queja. En esa oportunidad le concedimos veinte días y se le apercibió que de incumplir podría conllevar sanciones disciplinarias serias, incluyendo la suspensión de la profesión mediante *Resolución* de 25 de octubre de 2023. En noviembre de 2023 la letrada contestó la Queja. El 24 de enero de 2024 se le refirió el caso a la OPG para la correspondiente investigación de la Queja. La OPG nos peticionó un plazo de sesenta días para iniciar y concluir la investigación y para presentar el *Informe*.

En el interín, la licenciada Figueroa Carrasquillo presentó una *Moción informativa* en la que alegó que intentó entregarle el expediente y pagarle $5,000 mediante cheque certificado a la señora Sánchez Acevedo como abono a los honorarios pactados a ser devueltos, pero que ésta no lo aceptó. Además, procuraba que este Tribunal le ordenara a la quejosa que recibiera el expediente y el dinero. En esa ocasión la Subsecretaria de este Tribunal le notificó a la letrada la deficiencia de la falta de notificación a la OPG.

El 5 de junio de 2024, la OPG nos solicitó treinta días adicionales porque, como parte de su investigación, le remitieron a la letrada un requerimiento de información. Ante esa consideración, le concedimos el término solicitado y le referimos la *Moción Informativa* que había presentado la licenciada Figueroa Carrasquillo a través de su abogada. Surge del expediente que el 17 de junio la licenciada Figueroa Carrasquillo contestó el Primer requerimiento.

Ahora bien, la señora Sánchez Acevedo compareció ante este Tribunal mediante un comunicado para informar que declinó recibir el dinero porque era en efectivo y que la licenciada Figueroa Carrasquillo no le entregó el expediente. Le remitimos este comunicado a la OPG el 9 de julio de 2024.

A raíz del comunicado de la quejosa, la OPG solicitó un término de treinta días para culminar la investigación y rendir el *Informe* que les fue concedido mediante *Resolución* de 24 de julio de 2024. Entretanto, el 16 de julio de 2024 la OPG le notificó un Segundo requerimiento a la licenciada Figueroa Carrasquillo para atender e investigar el comunicado de la

quejosa. El 23 de agosto de 2024, la OPG nos solicitó un término adicional de treinta días -que le fue concedido- porque el 31 de julio de 2024 la abogada de la promovida informó mediante un certificado médico que la licenciada Figueroa Carrasquillo estaría en un tratamiento médico hasta el 14 de agosto de 2024.

El 16 de septiembre de 2024, la licenciada Sánchez Alvarado presentó una *Moción [de] renuncia a representación legal*. En esta señaló que desconoce del paradero de la letrada desde que notificó el estado de salud según constaba en el certificado médico. Adujo que la licenciada Figueroa Carrasquillo no le contestaba las llamadas ni los mensajes, por lo que desconoce su estado de salud o las circunstancias por las cuales ésta no le ha contestado. Reconoció que estaba pendiente el *Segundo requerimiento* que la OPG y que se lo notificó a la licenciada Figueroa Carrasquillo el 22 de julio de 2024. Con esta explicación, nos solicitó y así le fue concedido, el relevo de representación legal.

Ante este cuadro, compareció la OPG mediante un documento intitulado *Escrito Informativo y en solicitud de orden* para, en síntesis, solicitar que le ordenáramos a la licenciada Figueroa Carrasquillo a cumplir con el requerimiento de la OPG y le concediéramos treinta días desde que la letrada contestara para culminar la investigación y el *Informe*. En atención a esta moción, el 6 de diciembre de 2024 emitimos una *Resolución* en la que le ordenamos a la letrada que, en un término final e improrrogable de cuarenta y cinco días, contestara el requerimiento de información de la OPG y le advertimos que el incumplimiento con la orden podría conllevar la suspensión de

la práctica de la abogacía por violación al Canon 9 del Código de Ética Profesional, *infra*. La licenciada Figueroa Carrasquillo no compareció.

## II

El Canon 9 del Código de Ética Profesional, (4 LPRA Ap. IX), (Canon 9) establece que los profesionales del Derecho deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[2]  El respeto aludido se despliega cuando los abogados atienden con premura y obedecen nuestras órdenes, al igual que los requerimientos de cualquier foro o brazo auxiliar de esta Curia al que se encuentre obligado a comparecer.[3] Sin embargo, cuando los requerimientos y las órdenes se relacionan a procedimientos disciplinarios, los miembros de la profesión legal deben prestar atención especial.[4] El incumplimiento con esta obligación es un claro menosprecio a la autoridad de este Tribunal.[5] Además, la actitud de indiferencia a nuestras advertencias sobre las sanciones disciplinarias y el incumplimiento con ellas es causa suficiente para una suspensión inmediata e indefinida de la práctica de la profesión legal.[6] En otras palabras, esta conducta no es compatible con la práctica de la profesión, lacera nuestro poder

---

[2] In re *Silva Iglecia*, 201 DPR 678, 682 (2019).

[3] In re *Cardona Estelritz*, 201 DPR 607, 613 (2018) (citando In re *Marín Serrano*, supra; In re *Rodríguez Quesada*, 195 DPR 967 (2016); In re *Stacholy Ramos*, 195 DPR 858 (2016)).

[4] Íd. (citando In re *Marín Serrano*, supra; In re *Vera Vélez*, supra, pág. 226).

[5] Íd. (citando In re *Marín Serrano*, supra; In re *Rodríguez Quesada*, supra. Véase, además: In re *De León Rodríguez*, 190 DPR 378, 390-391 (2014); In re *Irizarry Irizarry*, 190 DPR 368, 374 (2014)).

[6] Íd. (citando In re *Marín Serrano*, supra; In re *Vera Vélez*, supra, págs. 226-227; In re *Toro Soto*, 181 DPR 654, 660 (2011); In re *Martínez Sotomayor I*, 181 DPR 1, 3 (2011)).

inherente de regular la profesión y evidentemente constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.[7] Asimismo, hemos expresado que lo anterior es extensivo a los requerimientos de nuestros brazos auxiliares, entre los cuales se encuentra la OPG.[8]

## III

Desde que se presentó la *Queja* la licenciada Figueroa Carrasquillo no ha sido proactiva en la tramitación de su procedimiento disciplinario. Si bien contestó la *Queja* y el *Primer requerimiento*, era necesario que la licenciada Figueroa Carrasquillo cumpliera con el *Segundo requerimiento* para que la OPG culminara la investigación y que esta dependencia pudiera presentarnos el *Informe*. Debido a que la licenciada Figueroa Carrasquillo hizo caso omiso, la OPG solicitó nuestra intervención y, a pesar de haberle ordenado que cumpliera con el requerimiento de información de la OPG y de advertirle las consecuencias de incumplir con la última *Resolución*, la licenciada Figueroa Carrasquillo incumplió. Este proceder ciertamente infringe el Canon 9.

La conducta desplegada por la licenciada Figueroa Carrasquillo denota ausencia de interés en la profesión y constituye una falta de respeto tanto hacia el Tribunal como para la OPG. Lamentablemente, su infracción al Canon 9, exige que suspendamos de manera inmediata e indefinida a la licenciada Figueroa Carrasquillo de la profesión legal.

---

[7] Íd.(citando In re *Marín Serrano*, supra; In re *Figueroa Cortés,*196 DPR 1 (2016)).

[8] In re *López Pérez*, 201 DPR 123, 126 (2018).

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida de la Lcda. María M. Figueroa Carrasquillo del ejercicio de la profesión legal.

La señora Figueroa Carrasquillo deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Figueroa Carrasquillo y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los

actos realizados por la licenciada Figueroa Carrasquillo durante el periodo en que la fianza estuvo vigente.

Notifíquese.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María M. Figueroa Carrasquillo      AB-2023-0095
        TS-8,967

SENTENCIA

San Juan, Puerto Rico, a 5 de marzo de 2025.

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida de la Lcda. María M. Figueroa Carrasquillo del ejercicio de la profesión legal.

La señora Figueroa Carrasquillo deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. De igual manera, deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la licenciada Figueroa Carrasquillo y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la licenciada Figueroa Carrasquillo durante el periodo en que la fianza estuvo vigente.

**Notifíquese.**

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo