EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                   | 2025 TSPR 87      |
|                                          |                   |
|                                          | 216 DPR ___       |
| Sharon M. Hernández López                |                   |
| (TS-16,345)                              |                   |

Número del Caso:  CP-2020-0003
                  CP-2020-0008

Fecha:  2 de septiembre de 2025

**CP-2020-0003**

 Oficina del Procurador General:

     Lcdo. Omar Andino Figueroa
     Subprocurador General

     Lcda. Lorena Cortés Rivera
     Subprocuradora General

     Lcda. Mabel Sotomayor Hernández
     Subprocuradora General

     Lcda. Minnie H. Rodríguez López
     Procuradora General Auxiliar

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar

     Lcda. Noemí Rivera De León
     Procuradora General Auxiliar


Representante Legal de la querellada:

     Lcda. Daisy Calcaño López

Comisionada Especial:

     Hon. Crisanta González Seda


**CP-2020-0008**

 Oficina del Procurador General:

     Hon. Isaías Sánchez Báez
     Procurador General

     Lcdo. Omar Andino Figueroa
     Subprocurador General

     Lcda. Mabel Sotomayor Hernández
     Subprocuradora General

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Lcda. Yaizamarie Lugo Fontánez
Procuradora General Auxiliar

Representante Legal de la querellada:

Lcda. Daisy Calcaño López

Comisionada Especial:

Hon. Crisanta González Seda

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por infringir los Cánones 9, 18, 19, 20, 33, 35 y 38 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Sharon M. Hernández López      CP-2020-0003
      (TS-16,345)              CP-2020-0008

PER CURIAM

En San Juan, Puerto Rico, a 2 de septiembre de 2025.

Una vez más, nos vemos obligados a ejercer nuestra facultad disciplinaria sobre una integrante de la profesión legal que ha desplegado displicencia hacia las órdenes de este Tribunal y una conducta reñida con nuestros postulados éticos. En esta ocasión, intervenimos disciplinariamente con la Lcda. Sharon Hernández López (licenciada Hernández López) por infringir los Cánones 9, 18, 19, 20, 33, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de los fundamentos que expondremos más adelante, decretamos la separación inmediata e indefinida de la letrada de la práctica de la abogacía.

Veamos los hechos que motivan nuestra determinación.

**I.**

La licenciada Hernández López fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y al ejercicio de la notaría el 20 de febrero de 2008. Desde entonces, ejerció la profesión de la abogacía sin señalamientos hasta el 2017. Mediante una Opinión *Per Curiam* y *Sentencia* del 10 de febrero de 2017, este Tribunal concluyó que la licenciada Hernández López violó los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, *supra*, y la suspendió inmediatamente del ejercicio de la abogacía y de la notaría por tres (3) meses.[1] El 23 de junio de 2017 este Tribunal emitió una *Resolución* mediante la cual reinstaló a la licenciada Hernández López a la práctica de la abogacía.[2]

El 19 de junio de 2017, poco antes de su reinstalación, la licenciada Hernández López firmó y presentó un recurso de *certiorari* ante este Tribunal.[3] El 1 de diciembre de 2017 este Tribunal notificó una *Resolución* en la que dio el recurso por no presentado y le apercibió a la licenciada de "que la conducta desplegada puede constituir incumplimiento con la Sección 7 de la Ley Núm. 17 de 10 de junio de 1939, 4 LPRA sec. 740, y el Artículo 1232 del Código Civil, 31 LPRA sec. 3453".[4]

---

[1] La licenciada Hernández López abandonó un litigio y desatendió inicialmente el proceso disciplinario que se llevó en su contra. Véase *In re* Hernández López, 197 DPR 340 (2017).

[2] La reinstalación ocurrió luego de que la licenciada Hernández López cumplió con los requisitos de educación jurídica continua. Véase *In re* Hernández López, 198 DPR 1111 (2017).

[3] Alfanumérico CC-2017-0503.

[4] La Jueza Asociada señora Rodríguez Rodríguez estuvo conforme con archivar el recurso, pero hubiese censurado y apercibido a la licenciada Hernández López. En cambio, los Jueces Asociados señores Rivera García, Estrella Martínez y Colón Pérez disintieron de la sanción impuesta y

Durante el año siguiente se presentaron tres (3) quejas contra la licenciada Hernández López. La queja AB-2018-0189 se archivó no sin antes censurar y apercibir a la licenciada.[5] El 28 de septiembre de 2018 y el 20 de noviembre de 2018 se presentaron las quejas AB-2018-0239 y AB-2018-0275. Estas últimas son las que motivan la presente intervención.

### A. Queja AB-2018-0239

El 20 de septiembre de 2018 la Sra. María D. Meléndez Matos (señora Meléndez Matos) presentó una queja en contra de la licenciada Hernández López. Sostuvo que el 1 de noviembre de 2017 contrató los servicios profesionales de la licenciada Hernández López para un caso de divorcio y que le pagó $1,000.00. Adujo que la licenciada Hernández López no contestaba sus llamadas y mensajes, y que, en consecuencia, desconocía el estatus de su caso. Expuso que en innumerables ocasiones intentó conseguir a la letrada para discutir su caso y conocer su estatus, pero no tuvo éxito. Expresó que era una señora "de 67 años que con mucho esfuerzo reun[ió] los $1,000.00 para [su] divorcio y [que] no e[ra] justo y ético el trato que h[a] recibido de la [licenciada] Hernández".[6]

El 11 de octubre de 2018 la licenciada Hernández López presentó su *Contestación a la Queja*. Alegó que delegó el caso a la Lcda. Niorly Y. Mendoza Rivera (licenciada Mendoza

---

hubieran suspendido inmediatamente a la licenciada Hernández López por práctica ilícita de la abogacía y referido el asunto al Departamento de Justicia.

[5] El 4 de junio de 2019 este Tribunal notificó una *Resolución* en la cual censuró y apercibió a la licenciada Hernández López sobre el cumplimiento futuro con los Cánones de Ética Profesional y archivó el asunto.

[6] Queja AB-2018-0239, pág. 2.

Rivera). Indicó que la licenciada Mendoza Rivera presentó la demanda de divorcio en la Sala de Bayamón del Tribunal de Primera Instancia y que tres (3) días después presentó una *Demanda Enmendada* y *Moción Informativa*.[7] No obstante, *motu proprio*, el 6 de junio de 2018 el foro de instancia ordenó el traslado del caso a la Sala Superior de Caguas.[8]

Según explicó la licenciada Hernández López, el 1 de mayo de 2018 el Sr. Luis A. Alicea Pérez, esposo de la señora Meléndez Matos, presentó una demanda de divorcio ante la Sala Superior de Caguas del Tribunal de Primera Instancia.[9] Indicó que el Tribunal, "aparentemente consolidó los casos y la licenciada Mendoza [Rivera] nunca fue notificada de ello".[10] Además, alegó que la Sala Superior de Caguas nunca emitió los emplazamientos y que notificó a la señora Meléndez Matos de la presentación y el traslado del caso. Añadió que no proveyó más información porque estaban en espera de la expedición de los emplazamientos.

La licenciada Hernández López indicó que el hijo de la señora Meléndez Matos le requirió mediante mensaje de texto el expediente de esta y la mitad del dinero pagado. Explicó que replicó que el caso estaba sometido y que la señora Meléndez Matos debía solicitar su renuncia por escrito. Adujo que no recibió respuesta de la señora Meléndez Matos y que, al recibir la queja, la licenciada Mendoza Rivera revisó el

---

[7] Caso Núm. D DI2018-0534
[8] Caso Núm. E DI2018-0592
[9] Caso Núm. E DI2018-0393.
[10] Contestación a la Queja, pág. 2, acápite 9. Los casos fueron consolidados bajo el alfanumérico E DI2008-0592.

expediente ante el foro de instancia. Sostuvo que el 5 de octubre de 2018 esta última presentó una solicitud de comparecencia especial para obtener copia del expediente.[11] Sin embargo, alegó que el foro primario no contestó la solicitud. Afirmó que envió a la señora Meléndez Matos su expediente por correo certificado. Por lo anterior, la licenciada Hernández López solicitó el archivo de la queja y alegó que su presentación fue frívola y temeraria.

Habiéndose referido este asunto a la Oficina del Procurador General (OPG) para la investigación de rigor, el 16 de agosto de 2019 la OPG presentó su Informe. De este surge que el 24 de abril de 2018 la Sala Superior de Bayamón del Tribunal de Primera Instancia emitió dos (2) órdenes dirigidas a la señora Meléndez Matos en las que informó que no se aceptaría la *Demanda Enmendada* y le concedió diez (10) días para someter: (1) el proyecto de emplazamiento; (2) un original del certificado de matrimonio, y (3) la dirección de la parte demandada. El 12 de julio de 2018, una vez el caso se trasladó a la Sala Superior de Caguas, el foro primario notificó una orden a la señora Meléndez Matos para que cumpliera con la *Orden* del 24 de abril de 2018. Ante el incumplimiento de la señora Meléndez Matos, el 11 de octubre de 2018 el foro de instancia dictó una sentencia mediante la cual desestimó sin perjuicio la demanda de divorcio.

---

[11] De los Anejos 3 y 7 de la *Contestación a la Queja* surge que la *Urgentísima Moción Solicitando Comparecencia Especial Única a los Efectos de Examinar y Solicitar Copiar Expediente* se presentó en el Caso Núm. E DI2018-0393, que entabló el Sr. Luis A. Alicea Pérez.

En vista de esto, la OPG señaló que la licenciada Hernández López no llevó a cabo la labor para la cual se le contrató y que la delegación del caso no le eximía de su obligación de brindar una representación adecuada. Sostuvo que la licenciada Hernández López no mantuvo informada a la señora Meléndez Matos sobre los incidentes procesales del caso ni sobre la delegación de este a otra abogada. Asimismo, determinó que en la *Contestación a la Queja* la licenciada Hernández López guardó silencio sobre los incidentes procesales del caso, y que se limitó a comentar que la queja era frívola y que no le dio más información a la señora Meléndez Matos porque estaba en espera de que el foro primario expidiera los emplazamientos.

Ante esto, la OPG concluyó que la licenciada Hernández López incumplió con los Cánones 18, 19 y 35 del Código de Ética Profesional, *supra*, y recomendó que esta devolviera los honorarios por servicios no prestados a la señora Meléndez Matos y que se iniciara un proceso disciplinario en su contra.[12]

El 8 de octubre de 2019 la licenciada Hernández López presentó la *Contestación a "Informe del Procurador General"*. Reseñó que desde el 2007 ha mantenido una práctica privada que se caracteriza por la defensa de mujeres víctimas de violencia doméstica y de personas confinadas y de escasos

---

[12] En su Informe, la OPG menciona la suspensión del ejercicio de la profesión por tres (3) meses que recibió la licenciada Hernández López en febrero de 2017, así como la censura que recibió en el 2019. Sobre esto último, indicó que en el Informe que generó en aquel momento concluyó que la licenciada Hernández López violó los Cánones 18, 19 y 20 del Código de Ética, 4 LPRA Ap. IV.

recursos. Indicó que fungió como profesora en dos (2) universidades y colaboró en la creación de un proyecto para la defensa de personas confinadas. Asimismo, relató que, en noviembre de 2016 y en enero de 2018, tanto su esposo como su hija sufrieron percances de salud. Alegó que desde el 2017 es el sustento económico de su familia.

En referencia a la queja, la licenciada Hernández López adujo que la señora Meléndez Matos solo pagó $800.00 del monto de $1,000.00 que se pactó. Sostuvo que devolvió los $800.00 a través de correo certificado. En cuanto a la representación legal, indicó que el contrato de servicios profesionales que firmó con esta incluía una cláusula que le permitía incluir en el caso a otra representación legal. En ese sentido, alegó que confió en la diligencia, la responsabilidad y la información que le brindó la licenciada Mendoza Rivera y que fue esta última quien faltó al deber de diligencia y al trámite del caso.

Tras evaluar el Informe y la contestación que presentó la licenciada Hernández López, el 25 de octubre de 2019 ordenamos a la OPG a presentar una querella en contra de la licenciada Hernández López. En cumplimiento con nuestra orden, el 24 de enero de 2020 la OPG presentó la *Querella* correspondiente. Mediante esta, formuló tres (3) cargos por incumplimiento con los Cánones 18, 19 y 35 del Código de Ética Profesional, *supra*.

Luego de varios trámites procesales, el 14 de agosto de 2020 la licenciada Hernández López presentó su *Contestación*

*a la Querella*. Expresó que nunca ha huido de su responsabilidad profesional y reiteró las alegaciones esbozadas anteriormente sobre la confianza que tuvo en la diligencia y la responsabilidad de la licenciada Mendoza Rivera. Sostuvo que la falta de diligencia de la licenciada Mendoza Rivera le eximía de responsabilidad.

No obstante, la licenciada Hernández López reconoció la responsabilidad primaria para con la señora Meléndez Matos y que a esos efectos devolvió los $800.00.[13] Afirmó que no tuvo la intención de ser negligente en la prestación de servicios y expresó sus disculpas sinceras a este Tribunal y a la señora Meléndez Matos.

Por último, planteó que nunca existió un ánimo contumaz de ocultar información o inducir a error a la señora Meléndez Matos. Sostuvo que se trató de un error no intencional de delegar el trámite del caso a la licenciada Mendoza Rivera. Afirmó que siempre se ha destacado por su honradez, su honestidad y su buen desempeño en el ejercicio de la profesión. Añadió que la suspensión que recibió en el 2017 la hizo sufrir mucho y reiteró que es el sustento principal de su hogar. Conforme a lo anterior, solicitó el archivo de la *Querella*.

### B. Queja AB-2018-0275

El 20 de noviembre de 2018 el Sr. Julio A. Guzmán Pintor (señor Guzmán Pintor) presentó una queja en contra de la licenciada Hernández López. Sostuvo que contrató a la letrada

---

[13] Exhibit 2(f) de la Prueba documental estipulada.

para que lo representara en un caso sobre revisión de pensión alimentaria y que, a esos efectos, le pagó $1,600.00. Indicó que esta última no tramitó su causa y que no contestó sus llamadas, ni sus correos electrónicos y mensajes.

El 11 de enero de 2019 la licenciada Hernández López presentó su *Contestación a la Queja*. Alegó que contrató con el señor Guzmán Pintor para tramitar una reducción de pensión. Explicó que el caso lo presentó la Lcda. Gwendolyn Moyer Alma (licenciada Moyer Alma). Indicó que, previo a asumir la representación legal del señor Guzmán Pintor, este adeudaba más de $10,000.00 en pensión. Alegó que facturó por el trabajo que realizó y que tramitó la causa del señor Guzmán Pintor efectivamente ya que logró que: (1) se dejara en suspenso una orden de arresto en contra de este, y que (2) se relacionara con su hija. Sostuvo que el 21 de febrero de 2017 la licenciada Moyer Alma presentó una *Moción urgente* mediante la cual notificó que la licenciada Hernández López estaba suspendida de la práctica de la abogacía.

Afirmó que no realizó gestiones adicionales en el caso ya que el señor Guzmán Pintor incumplió con el pago pactado.[14] A esos efectos, indicó que este aún le adeudaba $250.00 en concepto de honorarios de abogado. La licenciada Hernández López sostuvo que los derechos del señor Guzmán Pintor no se afectaron y que la pensión alimentaria se fijó previo a que esta asumiera su representación. Explicó que le era oneroso devolver el expediente puesto que este era sumamente pesado

---

[14] *Contestación a la Queja*, pág. 2.

y el señor Guzmán Pintor vivía en el estado de Florida.[15] En consecuencia, sostuvo que no incumplió el acuerdo verbal que contrajo con el señor Guzmán Pintor. Por tanto, solicitó el archivo de la queja por ser frívola e infundada.

Tras referir este asunto a la OPG para la investigación de rigor, el 16 de agosto de 2019 el referido ente gubernamental presentó su Informe.[16] En este, la OPG concluyó que la licenciada Hernández López incumplió con los Cánones 9, 18, 19, 20, 33 y 38 del Código de Ética Profesional, *supra*.

De manera específica, la OPG determinó que la licenciada Hernández López: (1) dejó de tramitar y de informar al señor Guzmán Pintor sobre el caso; (2) incurrió en una práctica ilegal de la profesión al proveer asesoría legal al señor Guzmán Pintor sobre sus capitulaciones matrimoniales ya que en ese momento estaba separada de la práctica de la abogacía; (3) incumplió con nuestras órdenes ya que no notificó inmediatamente a sus clientes sobre su inhabilidad para continuar representándoles y no devolvió los honorarios recibidos por servicios profesionales no realizados, y (6) retuvo el expediente del caso.

---

[15] En referencia al expediente del señor Guzmán Pintor, la licenciada Hernández López manifestó:

> No tenemos problemas con hacerle llegar el expediente al quejoso. Pero el mismo pesa de [sic] 22.2 libras pues tiene varios tomos y es voluminoso, y no podemos costear el envío del mismo. Con gusto puede delegar en algún familiar o quien el quejoso desee para el recogido del mismo y que esta persona se lo haga llegar. El hecho de que sea abogada no significa que contamos con recursos económicos ilimitados para costear gastos excesivo[s] que no sean pagados por los clientes. Íd.

[16] La OPG contó con un requerimiento de información que realizó a la licenciada Hernández López y con el expediente del Caso núm. K DI2012- 0708.

La OPG indicó que la licenciada Hernández López fue sancionada anteriormente por incurrir en conducta similar a la imputada en este caso. Por tanto, concluyó que sus acciones constituyeron una violación a los Cánones 9, 18, 19, 20, 33 y 38 del Código de Ética Profesional, *supra*. Ante esto, recomendó el inicio de un procedimiento disciplinario ante un Comisionado Especial.

El 8 de octubre de 2019 la licenciada Hernández López presentó su *Contestación a "Informe del Procurador General"*. Alegó que, tras ser separada de la profesión no continuó representando al señor Guzmán Pintor. Reiteró que la deuda de $250.00 está vencida ya que corresponde a trabajo que completó previo a ser suspendida temporeramente de la profesión. Enfatizó que la licenciada Moyer Alma notificó al foro de instancia que la licenciada Hernández López estaba suspendida de la práctica de la abogacía y que, por ende, esta última no manejaría el caso.

Explicó que revisó las capitulaciones matrimoniales en aras de ayudar a una persona que trataba de rehacer su vida, mas no con la intención de dar la impresión de estar reinstalada. Ante esto, negó incumplir con los cánones imputados y alegó que siempre trabajó con respeto y puntualidad. Planteó que representó al señor Guzmán de forma diligente y que no le causó daño. Añadió que del portal electrónico del Poder Judicial no surgía que el señor Guzmán Pintor solicitó una revisión de su caso o que contrató una nueva representación legal.

Tras evaluar el Informe y la contestación de la licenciada Hernández López, el 25 de octubre de 2019 ordenamos a la OPG presentar una querella en contra de la licenciada Hernández López. En cumplimiento con nuestra orden, el 12 de agosto de 2020 la OPG presentó la *Querella* correspondiente. En esta, formuló seis cargos por incumplimiento con los Cánones 9, 18, 19, 20, 33 y 38 del Código de Ética Profesional, *supra*.

Luego de varios trámites procesales, el 21 de octubre de 2020 la licenciada Hernández López presentó su *Contestación a la Querella*. Reiteró que, mediante la *Moción Urgente* del 21 de febrero de 2017, la licenciada Moyer Alma notificó al foro primario que la licenciada Hernández López había sido suspendida por tres (3) meses y que ella atendería el caso del señor Guzmán Pintor.

Negó incumplir con los cánones ya que siempre intervino con respeto, diligencia y efectividad. Hizo hincapié en que siempre ha provisto información que honra la verdad y en que ha desplegado conducta sincera y honrada. En esa línea, sostuvo que no tuvo la intención de dar la impresión de estar reinstalada cuando examinó la escritura de capitulaciones matrimoniales. Sobre este particular, explicó que la suspensión se informó al señor Guzmán Pintor y que no ejerció la práctica de la profesión durante su suspensión. Asimismo, adujo que rindió los servicios contratados con el señor Guzmán Pintor. Reiteró que este último no había presentado una revisión de la pensión y que, si así deseaba, podía hacerlo

por derecho propio o con representación legal. Por tal motivo, solicitó que se ordenara el archivo de la *Querella*.

El 29 de enero de 2021 este Tribunal emitió una *Resolución* mediante la cual proveyó no ha lugar a la solicitud de archivo de la *Querella*.

### C. Informe de la Comisionada Especial

El 3 de octubre de 2023 designamos a la Hon. Crisanta González Seda, Ex Jueza del Tribunal de Primera Instancia, como Comisionada Especial (Comisionada) para que recibiera la prueba y emitiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinentes para las dos quejas presentadas contra la licenciada Hernández López.

Tras celebrarse las vistas en su fondo,[17] el 13 de febrero de 2024 la licenciada Hernández López presentó en cada queja una *Moción en torno a atenuantes*.[18] En estas expresó sus disculpas y arrepentimiento respecto a la situación que las quejas habían provocado. Adujo que goza de reputación excelente en la comunidad y que su conducta no se repetirá. Sostuvo que es madre soltera, que es el único sustento de su familia, y que ejerce la profesión como defensora pública en el estado de Texas.

Posteriormente, el 8 de julio de 2024 la Comisionada sometió un informe para cada queja. En el Informe sobre la Queja AB-2018-0239, la Comisionada concluyó que la conducta

---

[17] El 22 de enero de 2024 se celebró la vista en su fondo de la Queja AB-2018-0239, mientras que en horas de la tarde se celebró la vista en su fondo de la Queja AB-2018-0275. La licenciada Hernández López compareció de forma virtual a ambas vistas porque se encontraba en el estado de Texas.

[18] A pesar de que presentó una moción individual para cada queja, estas contenían las mismas alegaciones.

de la licenciada Hernández López violó los Cánones 18, 19 y 35 del Código de Ética Profesional, *supra*. Esta explicó que la evidencia demostró que la licenciada Hernández López: (1) delegó a otra abogada el compromiso que asumió con la señora Meléndez Matos sin informarlo a esta última; (2) presentó la demanda, de manera injustificada, cinco (5) meses luego de contratar con la señora Meléndez Matos; (3) no estuvo atenta al hecho de que la demanda se presentó sin anejar el certificado de matrimonio, y que (4) no sometió el proyecto de emplazamiento de manera oportuna. Asimismo, la Comisionada determinó que la licenciada Hernández López no le comunicó a la señora Meléndez Matos sobre la desestimación de su demanda y que se limitó a proveerle el número del caso y la información sobre su traslado.

La Comisionada recalcó que la licenciada Hernández López fue suspendida previamente por conducta similar a la imputada en la queja. Además, esbozó que, en vista de que la licenciada Hernández López tenía pendiente la Queja AB-2018-0275, la conducta imputada no era una conducta aislada. Consideró como atenuantes que la licenciada Hernández López: (1) se mostró arrepentida; (2) devolvió el dinero pagado por la señora Meléndez Matos, y que (3) actualmente se encuentra empleada como abogada en Texas. Sin embargo, sostuvo que la evidencia presentada no justificó su actuación.

En el Informe de la Queja AB-2018-0275, la Comisionada recalcó que la licenciada Hernández López no cumplió con las órdenes que emitió este Tribunal en la Opinión *Per Curiam* y

*Sentencia* del 10 de febrero de 2017 ya que no informó al Tribunal de Primera Instancia, ni al señor Guzmán Pintor, que estaba suspendida de la profesión y no renunció a la representación legal. A esos efectos, enfatizó que la *Moción urgente* que presentó la licenciada Moyer Alma no cumplió con lo que ordenó este Tribunal. Añadió que, a pesar de estar suspendida, la licenciada Hernández López brindó servicios profesionales al señor Guzmán Pintor y no le devolvió los honorarios por servicios no prestados ni el expediente cuando este los solicitó.

La Comisionada estimó que la conducta antes descrita constituyó una muestra de indiferencia, despreocupación, inacción y displicencia por parte de la licenciada Hernández López. Explicó que al mantener silencio sobre su suspensión y no devolver el expediente cuando se le solicitó, la licenciada violó su deber de mantener informado a su cliente e incurrió en una práctica ilegal de la abogacía. En consecuencia, concluyó que las acciones antes descritas configuraron violaciones a los Cánones 9, 18, 19, 20, 33 y 38 del Código de Ética Profesional, *supra*.

Aunque en su Informe la Comisionada reconoció que la licenciada Hernández López realizó trabajo voluntario y colaboró en actividades docentes y de programas de ayuda a confinados, determinó que la evidencia presentada constituyó prueba clara, robusta y convincente de que la letrada incurrió en violaciones a los cánones imputados.[19]

---

[19] Informe de la Comisionada Especial, pág. 31.

Luego de varios trámites procesales, el 30 de septiembre de 2024 la licenciada Hernández López presentó una *Reacción al Informe de la Comisionada Especial Hon. Crisanta González Seda* para la Queja AB-2018-0275. Reiteró que el señor Guzmán Pintor nunca estuvo desprovisto de representación legal pero que este no cumplió con su responsabilidad de satisfacer los honorarios pactados. Del mismo modo, sostuvo que la moción que presentó la licenciada Moyer Alma en la que informó sobre su suspensión de la profesión era suficiente para cumplir con lo que ordenó este Tribunal. En conclusión, sostuvo que no incurrió en violación alguna a los cánones imputados.

En vista de lo anterior y con el beneficio de ambos informes de la Comisionada, procedemos a exponer los fundamentos de nuestra determinación.

## II.

El Código de Ética Profesional incluye las normas mínimas que fijan de manera concreta la conducta que la sociedad le exige a los miembros de la profesión legal. Preámbulo de los Cánones de Ética Profesional, 4 LPRA Ap. IX. El incumplimiento con estas normas podría acarrear sanciones disciplinarias. In re Bravo García, 2025 TSPR 13; In re Espino Valcárcel 199 DPR 761, 753 (2018); In re Asencio Márquez, 183 DPR 659, 664 (2011).

En el ejercicio de nuestro poder inherente para regular la profesión de la abogacía y la notaría, corresponde asegurarnos de que sus miembros ejerzan sus funciones de manera responsable, competente y diligente. Esto responde a

que la función que ejercen los abogados y las abogadas está revestida del más alto interés público, que genera obligaciones y responsabilidades con sus clientes y con el tribunal. In re Oller López, 2025 TSPR 34; In re Figueroa Carrasquillo, 2025 TSPR 19; In re Pierluisi Isern, 213 DPR 170, 173 (2023). En virtud de ese poder, este Tribunal puede desaforar o suspender a los miembros de la profesión legal que no muestren la aptitud necesaria para desempeñar tan delicada labor.

### a. Canon 9

El Canon 9 del Código de Ética Profesional, *supra*, regula la conducta de los abogados y las abogadas ante los tribunales. Este dispone que deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Íd. Asimismo, requiere que se preserve el buen orden en la administración de la justicia en los tribunales. Íd.

Para poder cumplir con los parámetros de este Canon, los abogados y las abogadas deben seguir las órdenes de este Tribunal de manera oportuna y diligente. In re Meléndez Mulero, 208 DPR 541 (2022); In re Montañez Melecio, 197 DPR 275, 284 (2017); In re Irizarry Irizarry, 190 DPR 368, 374 (2014). Ignorar las órdenes del Tribunal demuestra una actitud de menosprecio e indiferencia a nuestra autoridad e infringe esta disposición ética. In re Soto Peña, 213 DPR 663 (2024); In re Bauzá Tirado, 211 DPR 633 (2023); In re Ocasio Bravo, 209 DPR 1043 (2022). En consecuencia, cuando un abogado o una abogada incumple con nuestras órdenes y no justifica su

proceder, se sujeta a ser sancionado o sancionada con su suspensión indefinida del ejercicio de la abogacía. In re Soto Peña, *supra*; In re Bauzá Tirado, *supra*; In re Ocasio Bravo, *supra*.

### b. Canon 18

El Canon 18 del Código de Ética, *supra*, requiere que los y las profesionales del derecho rindan una labor idónea competente, cuidadosa y diligente. In re Pérez Rojas, 213 DPR 244 (2023); In re Lugo Quiñones I, 206 DPR 1 (2021). Los abogados y las abogadas tienen el deber de defender los intereses de su cliente empleando la mayor capacidad, lealtad, responsabilidad, efectividad y honradez. In re Amill Acosta, 181 DPR 934, 939 (2011). Esto implica que la profesión de la abogacía no se puede ejercer con indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación de un caso. In re Ramos Bahamundi, 2025 TSPR 43; In re Carrasquillo Bermúdez, 203 DPR 847, 861 (2020). Si el abogado o la abogada no puede prepararse y actuar como la profesión lo exige, no debe asumir la representación legal. In re Bonhomme Meléndez, 202 DPR 610, 623 (2019). Por tanto, "[h]emos sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso, se configura violatoria del citado Canon 18". In re García Incera, 201 DPR 1043, 1049 (2019).

### c. Canon 19

El Canon 19 del Código de Ética Profesional, *supra*, exige

el deber de mantener informado al cliente de todo asunto importante acontecido en el caso. Esta obligación constituye un "elemento imprescindible en la relación fiduciaria que existe entre abogado [o abogada] y cliente". In re García Muñoz, 170 DPR 780, 788 (2007). Por lo tanto, un abogado o una abogada contraviene este Canon cuando no atiende los reclamos de información de su cliente o cuando le niega información del pleito. In re Meléndez Mulero, *supra*.

Hemos afirmado que este postulado ético impone al abogado el deber unidireccional de comunicación continua con su cliente. In re Cardona Álvarez, 204 DPR 409, 426 (2020). Como consecuencia, se infringe el Canon 19 del Código de Ética Profesional, *supra*, cuando el abogado: (1) no informa al cliente el estatus procesal del caso; (2) se torna inaccesible; (3) no atiende los reclamos de información del cliente, (4) o simplemente le niega información de su caso. In re Carrasquillo Bermúdez, supra, pág. 862; In re Otero, Pacheco, 200 DPR 561, 574 (2018). Además, la falta de diligencia del abogado, que ocasione la pérdida de una causa de acción para el cliente, conforma una transgresión impermisible de este canon. In re Villalba Ojeda, 203 DPR 572, 580 (2019).

### d. Canon 20

El Canon 20 del Código de Ética Profesional, *supra*, requiere que antes de renunciar a la representación legal de los clientes, los abogados y las abogadas tomen medidas razonables para evitar perjuicio a los derechos de estos. En

esta línea, tan pronto la renuncia se materializa, o cuando el cliente lo solicita, los abogados y las abogadas están obligados a entregar a este el expediente y todo documento relacionado con el caso. In re Hernández López, 197 DPR 340, 350 (2017). De manera particular, este Canon dispone los pasos que el abogado o la abogada debe realizar al momento de renunciar a la representación legal de su cliente. A esos efectos, en In re Hon. González Rodríguez, 201 DPR 174, 211- 212 (2018) expusimos que,

> previo a renunciar a la representación, todo abogado vendrá obligado a realizar aquellas gestiones necesarias para evitar el menoscabo de los derechos de su cliente tales como: notificarle de su renuncia; orientarle debidamente sobre la necesidad de una nueva representación legal cuando sea necesario; concederle tiempo para procurar una nueva representación legal; y advertirle sobre fechas límites y términos que impacten su causa de acción.
>
> Como parte del proceso de renuncia, igualmente se le exige al abogado que le entregue a su cliente el expediente, así como todo documento relacionado con el caso. [...] No podemos perder de vista que, tanto el expediente, como la causa de acción, pertenecen exclusivamente al cliente. [...] Esta obligación debe cumplirse sin dilación. Es decir, tan pronto el abogado renuncie a la representación legal o cuando el cliente así lo solicite.

Conforme a este Canon, una vez culmina la relación abogado-cliente, el abogado o la abogada renunciante debe reembolsar inmediatamente cualquier cantidad adelantada como pago de honorarios por servicios que no ha prestado así como todo documento relacionado al caso. Esto así ya que "la causa de acción y el expediente son exclusivos del cliente". In re Rivera Contreras, 202 DPR 73, 88 (2019); In re López Santiago, 199 DPR 797, 814 (2018). Por esto, "no debe haber dilación alguna en su entrega una vez el abogado concluye las gestiones para las cuales fue contratado o cuando el cliente solicita

dicha entrega". In re Rivera Contreras, *supra* pág. 88; In re García Ortiz, 187 DPR 507, 520 (2012).

### e. Canon 33 y la práctica ilegal de la profesión

Por su parte, el Canon 33 del Código de Ética Profesional, *supra*, establece la prohibición de la práctica de la abogacía y de la notaría sin la debida autorización de este Tribunal. Por tal motivo, los abogados y las abogadas que ejerzan la práctica profesional mientras están suspendidos o suspendidas de su ejercicio, pueden recibir sanciones disciplinarias. In re Santos Negrón, 212 DPR 965, 975 (2023). Véase: S. Steidel Figueroa, Ética para juristas: Ética del abogado y responsabilidad disciplinaria, San Juan, Ed. SITUM, 2016, pág. 127.

En el pasado hemos determinado que "[e]s impropio que durante el periodo en que un abogado [o una abogada] está suspendido [o suspendida], [e]ste [o esta] realice actos que constituyan el ejercicio de la profesión o la apariencia de ello". In re Gordon Menéndez I, 171 DPR 210, 215 (2007). Dicha conducta es sancionada porque constituye una práctica ilegal de la abogacía que desafía nuestro poder inherente para reglamentar la profesión. Íd.

La sección 7 de la Ley Núm. 17 de 10 de junio de 1939, según enmendada, *supra*, también conocida como *Ley del ejercicio de la abogacía y del notariado* (Ley Núm. 17) dispone que:

> Ninguna persona que no sea abogado autorizado por el Tribunal Supremo de Puerto Rico podrá dedicarse al ejercicio de la profesión de abogado, ni anunciarse como tal, ni como agente judicial, ni gestionar, con excepción de sus asuntos propios, ningún asunto judicial o cuasi judicial ante cualquier

tribunal judicial; Disponiéndose, que la infracción de cualquiera de las disposiciones contenidas en esta sección, se considerará y castigará como un delito menos grave; Disponiéndose, además, que se considerará como malpractice y como causa suficiente para desaforo el hecho de cualquier abogado autorizar con su firma escrituras, alegaciones y documentos en que dicho abogado no sea bona fide el verdadero abogado o notario del asunto o sustituto de dicho abogado o notario; y Disponiéndose, también, que los fiscales tendrán el deber de investigar las infracciones de esta sección, y en caso de que encontraren justa causa, podrán solicitar del Tribunal Supremo el desaforo temporal o permanente de cualquier abogado o notario que hubiere infringido las anteriores disposiciones. 4 LPRA sec. 727.

En In re Gervitz Carbonell, 162 DPR 665, 701-702 (2004), establecimos que la práctica legal fuera de las instancias establecidas en la Regla 12 del Reglamento de este Tribunal constituye práctica ilegal de la profesión. Además, entendimos que la Sección 7 de la Ley Núm. 17 prohíbe, no tan solo la práctica ilegal de la profesión mediante comparecencias ante foros judiciales, sino que también prohíbe otro tipo de actuaciones, tales como, identificarse y representar ser abogado ante clientes potenciales. In re Wolper, 189 DPR 292, 301-302 (2013). Los estatutos que castigan el ejercicio no autorizado de la profesión de abogado se justifican, no como un medio para eliminar la competencia en la profesión legal, sino como un ejercicio del poder de razón de estado (police power) para la protección del público de personas no cualificadas o no diestras. Pueblo v. Santaella, 91 DPR 350, 356 (1964).

### f. Canon 35

Mientras tanto, el Canon 35 de Ética Profesional, *supra*, destaca la importancia de que cada integrante de la profesión legal se conduzca con sinceridad y honradez ante el tribunal, sus clientes y sus colegas. Debido a que el rol de la abogacía

se centra en la búsqueda de la verdad, el abogado o la abogada "no puede proveer al tribunal información falsa o que no se ajuste a la verdad, ni puede tampoco ocultarle información certera que deba ser revelada". In re Anastacio Caraballo, 149 DPR 790, 798 (1999). Este deber se infringe por el mero hecho de faltar a la verdad, pues la violación se configura, aunque no esté presente la intención de defraudar. In re Torres Torres, 2024 TSPR 84; In re Charbonier Laureano, 204 DPR 351, 364 (2020).

### g. Canon 38

Por último, el Canon 38 de Ética Profesional, *supra*, exige a los abogados y a las abogadas a "esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". En repetidas ocasiones, hemos expresado que "por ser los abogados [y las abogadas] el espejo donde se refleja la imagen de la profesión, [e]stos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". In re Stacholy Ramos, 207 DPR 521, 531 (2021). Además, se les exige el deber de evitar hasta la apariencia de conducta profesional impropia. In re Ayala Oquendo, 2025 TSPR 9; In re Santos Negrón, *supra* pág. 977.

### h. Sanción disciplinaria

Al momento de fijar las sanciones disciplinarias por violación al Código de Ética Profesional, este Tribunal

considerará los siguientes factores: (1) la buena reputación del abogado o la abogada en la comunidad; (2) su historial previo; (3) si el caso que se examina constituye su primera falta y si ninguna parte ha resultado perjudicada; (4) la aceptación y el arrepentimiento sincero por las imputaciones; (5) la defensa frívola de su conducta; (6) si se trata de una conducta aislada; (7) el ánimo de lucro; (8) resarcimiento al cliente, y (9) cualquier otra consideración atenuante o agravante aplicable a los hechos. In re Ayala Oquendo, *supra*, en la pág. 14; In re Raffucci Caro, 213 DPR 587, 606 (2024).

## III

En los informes que la Comisionada Especial sometió ante este Tribunal, esta concluyó que la licenciada Hernández López infringió los Cánones 9, 18, 19, 20, 33, 35 y 38 del Código de Ética Profesional, *supra*. Coincidimos.

### a. Queja AB-2018-0239

Tanto del Informe de la OGP como del Informe de la Comisionada Especial se desprende que la licenciada Hernández López no informó a la señora Meléndez Matos sobre el trámite del caso. La licenciada Hernández López tampoco le informó a la señora Meléndez Matos que delegó a la licenciada Mendoza Rivera el trámite del asunto. Además de esto, la licenciada no atendió los requerimientos del foro de instancia respecto a los emplazamientos. Si bien esta reiteró que el Tribunal no expidió los emplazamientos, de una revisión del tracto procesal del caso de divorcio se desprende que el foro primario ordenó desde abril de 2018 a la licenciada Mendoza

Rivera a someter el proyecto de emplazamiento correspondiente. Es decir, la desestimación de la demanda de divorcio se debió al incumplimiento con las órdenes del tribunal.

La licenciada Hernández López no controvierte este cuadro fáctico, sino que justifica su proceder en que tenía confianza en la diligencia y la responsabilidad de la licenciada Mendoza Rivera. Sin embargo, del expediente no surge que la licenciada Hernández López le diera seguimiento al caso o a la labor que encomendó a la licenciada Mendoza Rivera.

Cada integrante de la profesión legal debe ser diligente con los casos que ha decidido atender. Responsabilizar a la licenciada Mendoza Rivera por acciones que le competían únicamente a la licenciada Hernández López denota indisciplina, falta de respeto y contraviene los valores éticos que rigen nuestra profesión. Ante esto no queda más que concluir que la licenciada Hernández López violó los Cánones 18, 19 y 35 del Código de Ética Profesional, *supra*.

Al proceder de las maneras antes descritas, la licenciada Hernández López faltó a su deber de esforzarse, al máximo de su capacidad, en exaltar el honor y la dignidad de la profesión. Esta no mantuvo informada a la señora Meléndez Matos ni tramitó sus causas, se negó a devolver los honorarios correspondientes, retuvo el expediente de manera injustificada, incumplió con las órdenes del foro de instancia y de este Tribunal. Es patente que la conducta que

desplegó la licenciada Hernández López no exalta el honor y la dignidad de la profesión. Así, esta violó, además, el Canon 38 del Código de Ética Profesional, *supra*.

En vista de la conducta que demostró la licenciada Hernández López, no queda más que concluir que esta violó los Cánones 18, 19, 35 y 38 del Código de Ética Profesional, *supra*.

### b. Queja AB-2018-0275

En la Opinión *Per Curiam* y *Sentencia* del 10 de febrero de 2017, separamos a la licenciada Hernández López por el término de tres (3) meses por violar los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética, *supra*. A esos efectos, le ordenamos a esta a informar al Tribunal de Primera Instancia y a sus clientes sobre su inhabilidad de representarles. Además, le apercibimos de que su conducta podía constituir una práctica ilegal de la profesión de la abogacía y, en consecuencia, infringir la Sección 7 de la Ley Núm. 17, *supra*. No obstante, la licenciada Hernández López no realizó acciones afirmativas para cumplir con lo ordenado.

El deber de informar al foro primario sobre la inhabilidad de continuar con la representación legal de un cliente en un caso, proscrito en el Canon 19, recae sobre la abogada o el abogado a quien se le separa del ejercicio de la profesión. En consecuencia, y como expone el Informe de la Comisionada de la Queja AB-2018-0275, la *Moción urgente* que presentó la licenciada Moyer Alma, en la cual esta informó que la licenciada Hernández López estaba separada del

ejercicio de la abogacía, no cumplió con lo que este Tribunal le ordenó a esta última.

En cuanto a este particular, del expediente de la Queja AB-2018-0275 surge un intercambio de correos electrónicos del 20 de febrero de 2017 entre la licenciada Hernández López y la licenciada Moyer Alma. De estos se desprende que la licenciada Hernández López pretendió delegar a la licenciada Moyer Alma su deber de informar al foro de instancia sobre su inhabilidad para continuar representando legalmente al señor Guzmán Pintor.[20] Al así proceder, la licenciada Hernández *López incumplió con lo ordenado en la Opinión Per Curiam y Sentencia* del 10 de febrero de 2017.

Más allá de esto, del expediente surge un intercambio entre el señor Guzmán Pintor y la licenciada Hernández López mediante correo electrónico con fecha del 23 de febrero de 2017. En este, la licenciada Hernández López informó al señor Guzmán Pintor que la licenciada Moya Alma se sumó a su representación legal y que, a esos efectos, le envió una factura actualizada. La licenciada Hernández López no le informó al señor Guzmán Pintor sobre su suspensión de la profesión y continuó facturando por sus servicios. A esto se le añade que la licenciada Hernández López no mantuvo informado al señor Guzmán Pintor sobre su caso e inclusive le proveyó asesoría legal respecto a sus capitulaciones matrimoniales luego de ser suspendida de la práctica de la profesión. La conducta antes descrita es contraria y

---

[20] Exhibit 4 por estipulación.

constituye una violación crasa a lo dispuesto en los Cánones 9, 18, 19, 33 y 38 del Código de Ética Profesional, *supra*. Asimismo, constituye una posible violación a la Sección 7 de la Ley Núm.7, *supra*.

El señor Guzmán Pintor presentó la Queja AB-2018-0275 el 20 de noviembre de 2018. A pesar de estar separada al momento en el que se presentó la Queja AB-2018-0275, la licenciada no había presentado su renuncia, y retuvo el expediente del señor Guzmán Pintor luego de este solicitarlo. No fue hasta enero de 2019, casi dos meses luego de que el señor Guzmán Pintor presentó su queja, que la letrada le remitió el expediente.[21]

Si bien la licenciada Hernández López ofreció explicaciones para justificar la retención del expediente, a saber: (1) su peso; (2) lo costoso que resultaría su envío a los Estados Unidos, y que (3) el señor Guzmán Pintor le adeudaba $250 en concepto de honorarios de abogado, el Canon 20 establece de manera inequívoca que el abogado o la abogada debe devolver el expediente y todo documento relacionado con el caso una vez el cliente los solicita. Esto pues la dilación en la entrega de estos puede provocar que el cliente no pueda procurar una nueva representación legal o que, de procurarla, esta no cuente con la información necesaria para representar sus intereses cabalmente. En consecuencia, resulta impropio imponer condiciones y no ofrecer alternativas para mitigar o reducir la onerosidad que conlleva la devolución de un expediente voluminoso. Asimismo, tampoco corresponde

---

[21] Informe de la Comisionada Especial, pág. 16.

condicionar la devolución de honorarios por servicios no prestados. No queda más que coincidir con la determinación de la Comisionada en cuanto a que la licenciada Hernández López violó el Canon 20 del Código de Ética Profesional, *supra*.

No podemos pasar por alto que del expediente de la Queja AB-2018-0275 surge que la licenciada Hernández López alegó en todo momento del proceso disciplinario que la licenciada Moyer Alma se unió a la representación del señor Guzmán Pintor en el 2017. No obstante, la evidencia demuestra que la licenciada Moyer Alma asumió representación legal, de manera simultánea a la licenciada Hernández López, mediante una moción que se presentó el 27 de septiembre de 2016. Las alegaciones de la licenciada Hernández López respecto al momento en el que la licenciada Moyer Alma se unió a la representación legal del señor Guzmán Pintor constituyen una falta a su obligación insoslayable de desempeñar sus funciones con integridad, sinceridad y honradez. Así, coincidimos con la Comisionada en que la licenciada Hernández López infringió el Canon 35 del Código de Ética Profesional, *supra*.

**IV.**

A la luz de lo anterior, resta determinar la sanción disciplinaria de la licenciada Hernández López. Si bien la Comisionada Especial determinó que la licenciada Hernández López incurrió en las faltas éticas imputadas, esta no recomendó una medida o sanción. Corresponde, evaluar la conducta de la licenciada y su proceder en el proceso

disciplinario a la luz de los nueve (9) factores mencionados previamente, a saber: (1) la buena reputación de la licenciada en la comunidad; (2) su historial previo; (3) si las presentes quejas constituyen su primera falta y si ninguna parte ha resultado perjudicada; (4) la aceptación y el arrepentimiento sincero por las imputaciones; (5) la defensa frívola de su conducta; (6) si se trata de una conducta aislada; (7) el ánimo de lucro; (8) resarcimiento a los clientes, y (9) cualquier otra consideración atenuante o agravante aplicable a los hechos. In re Ayala Oquendo, *supra*; In re Raffucci Caro, *supra*.

La licenciada se excusó por sus actuaciones, proveyó declaraciones juradas de dos abogadas dando fe de su buena reputación en la comunidad de la abogacía y se mostró arrepentida. Ahora bien, la señora Meléndez Matos resultó perjudicada a causa del incumplimiento de la licenciada, los expedientes no fueron devueltos hasta luego de iniciados los procesos disciplinarios, y la conducta objeto de este proceso disciplinario plantea violaciones similares a la conducta ética sancionada previamente. Como indicamos anteriormente, mediante Opinión *Per Curiam* del 10 de febrero de 2017 suspendimos a la licenciada de la práctica de la profesión de la abogacía y la notaría por un periodo de tres (3) meses por violar los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, *supra*. Posteriormente, el 4 de junio de 2019 le censuramos por incurrir en la práctica ilícita de la abogacía mientras estuvo suspendida. A pesar de que la licenciada

Hernández López alegó en los procesos disciplinarios anteriores que los actos imputados representaban eventos aislados y que no volverían a repetirse, el expediente apunta a lo contrario. Las actuaciones de la licenciada Hernández López reflejan conductas reiteradas de su parte.

A la luz de lo antes expuesto, separamos de forma inmediata e indefinida a la licenciada Hernández López del ejercicio de la abogacía. Además, dado que esta es la segunda ocasión en la que la señora Hernández López incurre en conducta posiblemente constitutiva de una violación a la Sección 7 de la Ley Núm. 17 referimos el asunto al Departamento de Justicia para la investigación correspondiente. Se le impone el deber de notificar a sus clientes de su inhabilidad para continuar representándoles, devolverles los expedientes, así como cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento de todo lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*.

Notifíquese a la señora Hernández López de esta Opinión *Per Curiam* y de la *Sentencia* por medio del correo electrónico registrado en el Registro Único de Abogados.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Sharon M. Hernández López
(TS-16,345)

CP-2020-0003
CP-2020-0008

SENTENCIA

En San Juan, Puerto Rico, a 2 de septiembre de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, separamos de forma inmediata e indefinida a la licenciada Hernández López del ejercicio de la abogacía. Además, dado que esta es la segunda ocasión en la que la señora Hernández López incurre en conducta posiblemente constitutiva de una violación a la Sección 7 de la Ley Núm. 17 referimos el asunto al Departamento de Justicia para la investigación correspondiente. Se le impone el deber de notificar a sus clientes de su inhabilidad para continuar representándoles, devolverles los expedientes como cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento de todo lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*.

Notifíquese a la señora Hernández López de esta Opinión *Per Curiam* y de la *Sentencia* por medio del correo electrónico registrado en el Registro Único de Abogados.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo